UNITED STATES of America, Plaintiff-Appellee,

v.

Richard Dennis LYNN, Defendant-Appellant.

No. 71-1655.

United States Court of Appeals, Tenth Circuit.

May 19, 1972.

Rehearing Denied Aug. 4, 1972.

---

Franklin J. Smith, Cheyenne, Wyo., for defendant-appellant.

Jack Speight, Asst. U. S. Atty. (Richard V. Thomas, U. S. Atty., and Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Before PICKETT,* HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a conviction by a jury in the District of Wyoming of possession of matter stolen from the United States mails, and conspiracy to commit mail fraud.

This case arose out of a trip made by Richard Dennis Lynn, Richard Allison Marnette II, his co-defendant, and others from Salt Lake City, Utah, through Wyoming, Nebraska and Iowa to Minnesota. Purchases were made at Little America and Cheyenne, Wyoming, by Lynn and Marnette with a BankAmericard issued to Vera C. Ross. It was undisputed at trial that it had been Lynn and Marnette who had made the purchases in question by use of the Ross BankAmericard without Mrs. Ross' permission.

Lynn and Marnette were jointly charged in a two-count indictment. Count I charged violation of 18 U.S.C. § 1708, unlawful possession of material

---

* Judge Pickett participated in the decisional process, but due to illness did not participate in the opinion.

stolen from the United States mails; Count II charged violation of 18 U.S.C. § 371, conspiracy to use the mails to defraud, and the commission of overt acts in furtherance thereof in violation of 18 U.S.C. § 1341, use of the United States mails to defraud. Separate trials were granted the co-defendants. Lynn was tried to a jury; the jury returned a verdict of guilty on both counts. He was sentenced pursuant to the Federal Youth Corrections Act on Count I; two years probation to commence at the termination of confinement pursuant to the Youth Corrections Act was ordered on Count II. Lynn appeals.

Appellant attacks his conviction on three grounds. First, he asserts that he was denied effective assistance of counsel at the trial; second, that he was denied a fair trial; and third, that the government failed to prove all material elements of the indictment beyond a reasonable doubt. After a close reading of the record, we conclude that sufficient evidence does not support Lynn's conviction. Accordingly, we reverse. As appellant's conviction is reversed on the basis of insufficiency of supporting evidence, we will not treat appellant's other contentions.

■■ A review of the essential elements of the offenses charged will be helpful in evaluating the evidence presented at the trial. To support a finding of guilt of violation of 18 U.S.C. § 1708, as charged in Count I of the indictment, the government must prove beyond a reasonable doubt that the material in question was stolen from a United States mail route or depository and that the defendant possessed that material with knowledge that it was so stolen. Count II of the indictment charged a conspiracy to defraud by use of the mails in violation of 18 U.S.C. §§ 371 and 1341. The government has the burden of proving beyond a reasonable doubt that a conspiracy to defraud existed, that the defendant was a party to the conspiracy, and that an act or acts

which would constitute use of the mails were performed in furtherance thereof.

■ Appellant's contention that the government failed to prove all material elements of the indictment is in essence a question of sufficiency of the evidence to support the jury verdict. An appellate review of the sufficiency of the evidence is made pursuant to the principle that the evidence presented in the trial court is viewed in the light most favorable to the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, upon which a jury might find a defendant guilty beyond a reasonable doubt.[1]

The evidence presented concerning Count I of the indictment is as follows. The testimony of Kirk Larsen, a representative of BankAmericard, did establish that the credit card in question had been mailed on May 27, 1969, to Mrs. Vera C. Ross, who resides in Salt Lake City, Utah. Mrs. Ross was not able to honor a subpoena to testify at the trial because of ill health. The government attempted to establish the element of theft of the credit card from a United States mail depository by the testimony of Farold Christiansen. Christiansen, a BankAmericard inspector, testified that during the early part of July, 1969, he had personally inspected the mailbox in which Mrs. Ross receives her mail and had found a defective lock thereon. Although testifying for the government, Marnette denied that he had stolen the credit card from Mrs. Ross' mailbox or that he or Lynn had any knowledge that it was stolen from the mails. Lynn likewise denied theft of the card or knowledge that it was stolen from the United States mails. There was no further evidence admitted to establish the element of knowledge.

■ We find no evidence supporting beyond a reasonable doubt the government's theory that the BankAmericard

---

1. United States v. DeLuzio, 454 F.2d 711 (10th Cir. 1972); United States v. Holmes, 453 F. 2d 950 (10th Cir. 1972).

was stolen from the United States mails, and that Lynn possessed the card knowing it to be stolen therefrom. We have reviewed recent Tenth Circuit decisions affirming convictions of violation of 18 U.S.C. § 1708.[2] The quantum of evidence supporting a theory of theft of the material from the United States mails, as well as possession of the material with knowledge that it was stolen therefrom, is significantly greater in those cases than the quantum of evidence before the trial court in the instant case. It is at best an inference that the credit card was stolen from Mrs. Ross' mailbox; it is inference on inference that Lynn possessed the card with knowledge of the theft. We hold that the evidence does not support beyond a reasonable doubt the jury verdict that the appellant possessed the credit card in question with knowlege that it had been stolen from the United States mails.

The following testimony was introduced at the trial concerning Count II of the indictment. Norma Jean Mandrose, who is employed at Little America, Wyoming, where purchases were made with the Ross credit card, testified that the credit card sales drafts from purchases made at Little America are sent by registered mail to the Little America accounting office in Cheyenne, Wyoming. Gordon Wayne Rogers, another Little America employee, testified that the drafts are then deposited in the First National Bank of Cheyenne. H. Charles Sasse, the proprietor of a filling station in Cheyenne where a purchase was made with the Ross credit card, testified that the credit card sales drafts for purchases at his station are deposited in the First National Bank and Trust Company of Wyoming at Cheyenne. Virgil Adams, an employee of that institution, testified that the sales drafts are sent to the Colorado National Bank in Denver by armored car service. Larsen testified that the BankAmericard sales drafts are then sent from the Colorado National Bank in Denver to the First National Bank in Salt Lake City, Utah, by the United States mails. Marnette and Lynn both denied that they had placed the BankAmericard sales drafts made on the Ross credit card in the United States mails, or had caused them to be placed therein.

■ The gist of the offense of mail fraud lies in the use of the mails to obtain money or property by fraudulent means.[3] Utilization of the mails after the scheme has been fully consummated and completed in all of its parts cannot supply the essential ingredients for this offense.[4] An examination of Tenth Circuit decisions affirming convictions of violation of 18 U.S.C. § 1341 reveals that the defendants in those cases consciously availed themselves of the use of the mails in completion of their scheme.[5] We view the transactions in Little America and Cheyenne, Wyoming, by use of the Ross credit card as completed when the goods were received in exchange for the credit card sales drafts.

2. *See* United States v. Baker, 444 F.2d 1290 (10th Cir. 1971), cert. denied 404 U.S. 885, 92 S.Ct. 222, 30 L.Ed.2d 167; Pinelli v. United States, 403 F.2d 998 (10th Cir. 1968), cert. denied 395 U.S. 968, 89 S.Ct. 2116, 23 L.Ed.2d 755; Webb v. United States, 347 F.2d 363 (10th Cir. 1965).

3. Marvin v. United States, 279 F.2d 451 (10th Cir. 1960); Palmer v. United States, 229 F.2d 861 (10th Cir. 1956), cert. denied, 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861; Gates v. United States, 122 F.2d 571 (10th Cir. 1941), cert. denied, 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558.

4. United States v. Cohen, 145 F.2d 82 (2d Cir. 1944), cert. denied, 323 U.S. 799, 65 S.Ct. 553, 89 L.Ed. 637; Mitchell v. United States, 126 F.2d 550 (10th Cir. 1942), cert. denied, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771; Dyhre v. Hudspeth, 106 F.2d 286 (10th Cir. 1939).

5. *See* Mesch v. United States, 407 F.2d 1286 (10th Cir. 1969), cert. denied sub nom. Baldwin v. United States, 395 U.S. 979, 89 S.Ct. 2133, 23 L.Ed.2d 767; Sparrow v. United States, 402 F.2d 826 (10th Cir. 1968); Steiger v. United States, 373 F.2d 133 (10th Cir. 1967); Hofmann v. United States, 353 F.2d 188 (10th Cir. 1965); Beasley v. United States, 327 F.2d 566 (10th Cir. 1964).

It is immaterial what method the retail establishments chose to collect from BankAmericard.[6] Use of the mails was not an essential element of this scheme. The federal mail fraud statute does not purport to reach all frauds, but only those instances in which the use of the mails is a part of the execution of the fraudulent scheme. All other cases are to be dealt with by appropriate state law.[7] We hold that the evidence presented at the trial does not support beyond a reasonable doubt the government's theory that the appellant conspired with his co-defendant to commit mail fraud.

It is a well established principle of American criminal justice that the proof presented at the trial must conform to the allegations contained in the indictment.[8] When the proof presented only establishes the defendant's guilt of an offense other than that with which he has been charged, the conviction cannot stand.[9] Accordingly, appellant's conviction on both counts of the indictment is reversed, and the case is remanded to the trial court with directions to dismiss the indictment.

---

6. Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944).

7. *Id.* at 95, 65 S.Ct. 148.

8. Goodman v. United States, 341 F.2d 272 (5th Cir. 1965).

9. Marvin v. United States, 279 F.2d 451 (10th Cir. 1960) ; United States v. Tandaric, 152 F.2d 3 (7th Cir. 1945), cert. denied, 327 U.S. 786, 66 S.Ct. 703, 90 L.Ed. 1012.