**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Vanessa R. WINCHESTER, Defendant and Appellant.**

**No. 16269.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided April 12, 1989.

Thomas Harmon, Deputy Atty. Gen. and Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief, for plaintiff and appellee.

Martha S. Temple, Office of Public Defender, Rapid City, for defendant and appellant.

MILLER, Justice.

In this appeal, we affirm the trial court and hold that a suspended imposition of sentence for a violation of SDCL ch. 32–23 (driving under the influence) may be used to enhance the penalty for a subsequent violation of that chapter.

## FACTS

In January 1988, Vanessa R. Winchester (Winchester) was arrested for, charged with, and pled not guilty to driving while under the influence of alcohol (DUI), second offense. SDCL 32–23–1(1) and (2); SDCL 32–23–3. At a court trial, she was found guilty of both Parts I and II of the Information.[1]

## ISSUE

In a somewhat novel argument, Winchester asserts that a suspended imposition of sentence for a violation of SDCL ch. 32–23 may not be used to enhance the penalty for a subsequent violation under that chapter. In essence, she asserts that the legislature did not intend that SDCL 23A–27–15 should apply to violations under SDCL ch. 32–23.

## DECISION

SDCL 23A–27–15 provides:

For the sole purposes of consideration of the sentence of a defendant for subsequent offenses or the determination of whether the defendant is an habitual offender under chapter 22–7, the fact of suspension of imposition of sentence under § 23A–27–13, whether or not discharge and dismissal have occurred, shall be considered a prior conviction.

Winchester seems to totally ignore or misperceive that the sole basis for the judicial leniency she received via the suspended imposition of sentence on her first offense was SDCL 23A–27–13 which reads:

1. As is the mandatory pleading practice, Part I alleged the current violation and Part II alleged

and charged her with having committed a second offense.

Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best. A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period.

To now suggest that SDCL 23A–27–15 (which specifically refers to SDCL 23A–27–13) does not apply to her, borders on the bizarre. Were it not for SDCL 23A–27–13, the trial court would not have been permitted to give her a suspended imposition of sentence in the first violation, but rather would have been required to impose some other sentence which does not afford the many benefits that a suspended imposition of sentence provides to a defendant.[2] There is nothing inconsistent, unclear or ambiguous as asserted by Winchester and we find her arguments totally lacking in merit. *See State v. Kane,* 266 N.W.2d 552 (S.D.1978) (citing *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)), *overruled on other grounds* by *State v. Smith,* 353 N.W.2d 338 (S.D.1984).

We have considered Winchester's other issues (that her plea to the first offense was not voluntary and that there was insufficient evidence at the trial on Part II of the information to establish her identity)

and likewise find them to be totally lacking in merit.

Affirmed.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

A reminder to the wary that the habitual offender statutes cannot be used for additional sentence enhancement under the subsequent offender DUI statutes. *Carroll v. Solem,* 424 N.W.2d 155, 156–57 (S.D.1988).

Here, however, we are confronted with this question: May a prior conviction for DUI be used for enhancement purposes when a *suspended imposition of sentence,* pursuant to SDCL 23A–27–15, has been granted? Obviously, yes, in view of the explicit legislative direction couched in the statute. *Inter alia,* the statute recites "other offenses."

SDCL 23A–27–13 must be honored and not eroded. It instills grace into the criminal process. Essentially, it provides that the trial court may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation (and upon conditions). Needless to say, I agree with the first portion of footnote two of this opinion.

All of which—now brings me to my next point: Reading *In re Discipline of Weisensee,* 296 N.W.2d 717 (S.D.1980), *cert. denied,* 450 U.S. 1032, 101 S.Ct. 1743, 68 L.Ed.2d 227 (1980), a disciplinary proceeding for disbarment, we see SDCL 23A–27–13 and 23A–27–14 discussed by this Court in a somewhat different context. Notwithstanding, it is a case which has a majority and minority viewpoint on "entering a judgment of guilt." Weisensee was not involved in a "subsequent offense," yet,

---

**2.** Under SDCL 23A–27–13 there is no adjudication of guilt. Under SDCL 23A–27–14, upon completion of the terms of probation, the charges are discharged and the offense is not deemed a conviction of a crime (discharge and dismissal under SDCL 23A–27–14 "may occur

only once with respect to any person," and it is yet to be judicially determined whether a person may receive a suspended imposition of sentence for a misdemeanor and later be afforded that judicial leniency for a subsequent felony).

the majority opinion held that the dismissal of a proceeding against this attorney, upon completion of his conditions of probation, did not vitiate disciplinary proceedings based upon the attorney's "conviction." I maintained then—and I do now—that no "conviction" stood against this attorney. My dissent in *Weisensee* discourses on the pertinent statutes now at hand. Although I freely agree with this decision due to "subsequent offenses," *i.e.*, the explicit references and mandate of the State Legislature in SDCL 23A–27–15, I elaborate on my vote to express that we, in the legal profession in South Dakota, be cognizant of *Carroll*, cited above, *Weisensee*, and the grace built into the criminal law by our lawmakers.

Rehabilitation, we have stated in this Court, is one of the goals of the criminal justice system in South Dakota. *State v. Weiker*, 342 N.W.2d 7, 11–12 (S.D.1983) (citing *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). It is good that a procedure has been established to foster rehabilitation. When a defendant has committed a crime and been granted some civil salvation via statutes, the trial and appellate bench should breathe spirit into the legislative will. For a decision on the constitutional provision concerning suspended sentences and which addresses statutes on the imposition of sentences without entering a judgment of guilt, see *State v. Oban*, 372 N.W.2d 125 (S.D.1985).