**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard A. MARNETTE, II, Defendant and Appellant.**

**No. 18369.**

Supreme Court of South Dakota.

Considered on Briefs on March 22, 1994.

Decided June 29, 1994.

Mark Barnett, Atty. Gen., Sherri Sundem Wald, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

David Wurm of Wurm & Hood, Rapid City, for defendant and appellant.

AMUNDSON, Justice.

Richard Marnette (Marnette) appeals the trial court's judgment and sentence for failure to pay sales tax two or more times in twelve months. We affirm.

### FACTS

In 1992, Marnette, doing business as Marnette & Sons Chimney Sweeps, was charged with three counts of failure to pay sales tax, three counts of failure to file sales tax returns, and one count of failure to pay sales tax two or more times in twelve months. The first six counts covered the tax reporting period for March, April, and May of 1992. Each count constitutes a Class 1 misdemeanor. SDCL 10–45–48.1(2) & (4). The seventh count makes multiple violations a Class 6 felony. SDCL 10–45–48.1(8).

Pursuant to a plea agreement, Marnette pled guilty to count seven and agreed to pay back taxes, penalties, and prosecution costs. In exchange, the State dismissed the remaining six counts and agreed to remain silent at sentencing. A presentence investigation revealed to the trial court that an FBI record check discovered Marnette had a prior federal felony conviction. Marnette argued that the prior felony conviction was "set aside" under the Federal Youth Corrections Act (Act) and, therefore, the trial court should exercise its discretion and suspend imposition of Marnette's sentence.[1] State argued

---

1. On September 9, 1971, Marnette and a co-conspirator were convicted in Illinois of possessing stolen mail and conspiracy to commit mail fraud. Marnette was twenty-two years old at the time. He was sentenced pursuant to the Federal Youth Corrections Act and after a thirty-day incarceration, he was placed on two years' probation. 18 U.S.C. § 5001 et seq. (repealed Oct. 12, 1984). On October 26, 1973, the United States District Court for the District of Wyoming uncon-

that the former felony conviction precluded the sentencing court from entering a suspended imposition of sentence.

The trial court continued the sentencing hearing to allow the parties an opportunity to submit briefs on the issue. After considering these briefs, the court determined that SDCL 23A–27–13 prohibited the court from suspending imposition of sentence because Marnette had a prior felony conviction.[2] The court sentenced Marnette to one hundred eighty days in the county jail with one hundred seventy-eight of those days suspended, plus restitution and prosecution costs pursuant to the plea agreement.

Marnette now appeals the trial court's judgment and sentence.

### ISSUES

1. Is a federal felony conviction which has been "set aside" under the Youth Corrections Act a prior felony conviction for purposes of SDCL 23A–27–13?

2. Did the trial court deny Marnette his right to due process or equal protection by relying on a prior felony conviction which has been "set aside" under the Federal Youth Corrections Act?

### DISCUSSION

Article V, § 5 of the South Dakota Constitution, provides, in part: "Imposition or execution of a sentence may be suspended by the court empowered to impose the

sentence *unless otherwise provided by law.*" (Emphasis added.) In other words, the courts have full authority to suspend the imposition of sentence in all cases, *except where specifically restricted by statute. See generally, State. v. Huftile,* 367 N.W.2d 193, 195 (S.D.1985).

*State v. Schempp,* 498 N.W.2d 618, 620 (S.D. 1993) (emphasis in original).

The legislature has restricted a trial court's ability to suspend the imposition of sentence if a defendant has a prior conviction for a crime "which at the time of conviction thereof would constitute a felony in this state." SDCL 23A–27–13. In this case, SDCL 23A–27–13 prohibited the trial court from suspending the imposition of sentence because Marnette had a prior felony conviction. Marnette argues that this prior felony conviction should not prohibit the trial court from suspending imposition of his sentence because it was "set aside" by the Act. Marnette contends SDCL 23A–27–13 should be liberally construed to authorize the trial court to exercise its discretion to suspend the imposition of sentences in cases involving prior felony convictions which have been set aside. *See* SDCL 2–14–12. We disagree.

■ Marnette does not challenge his prior conviction; rather, he argues that the trial court had authority to suspend imposition of sentence because his conviction was "set aside" by the Federal Youth Corrections Act. 18 U.S.C. § 5021 (repealed October 12, 1984).[3] He claims Congress "intended to

---

ditionally discharged Marnette from probation and ordered the judgment of conviction be set aside pursuant to section 5021(b) of the Act. Marnette's co-conspirator appealed his conviction. *United States v. Lynn,* 461 F.2d 759 (8th Cir.1972).

2. SDCL 23A–27–13 provides:
 Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by *a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state,* a court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant

on probation for such period and upon such terms and conditions as the court may deem best.... (Emphasis added.)

3. 18 U.S.C. § 5021 provided:
 (a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.
 (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

eradicate the impact of the original conviction" by placing the mandatory "set aside" provision in the Act. Marnette stresses that Black's Law Dictionary, defines "set aside" as "[t]o reverse, vacate, cancel, annul or revoke a judgment" and, therefore, the conviction should not have been considered by the trial court. We need not concern ourselves with Black's Law Dictionary's definition of "set aside"; rather, we must look to other courts' interpretation of the term as used in 18 U.S.C. § 5021.

Marnette explains that courts have interpreted "set aside" to mean the conviction is expunged from the record. "There is a split in authority as to whether the Act authorizes expunction of the record of a conviction which has been set aside pursuant to 18 U.S.C. § 5021." *United States v. Doe,* 859 F.2d 1334, 1335 (8th Cir.1988) (citing *United States v. Doe,* 747 F.2d 1358, 1359 (11th Cir.1984) (no expunction); *United States v. Doe,* 732 F.2d 229, 230–32 (1st Cir.1984) (no expunction); *United States v. Doe,* 556 F.2d 391, 392–93 (6th Cir.1977) (no expunction); [*United States v. McMains,* 540 F.2d 387 (8th Cir.1976) (no expunction) ]; *with United States v. Doe,* 730 F.2d 1529, 1531–34 (D.C.Cir.1984) (expunction authorized); and *Watts v. Hadden* 651 F.2d 1354, 1373 (10th Cir.1981) (expunction authorized)).

In *McMains,* 540 F.2d at 389, the Eighth Circuit wrote:

> [I]n light of the purposes sought to be achieved by the Act, *we hold that the Act does not authorize expunction of the record of a conviction which has been set aside pursuant to section 5021.* First, the language of section 5021 does not plainly provide for record expunction. We are confident that had Congress intended to authorize expunction, it would have manifested that intent with far greater clarity. It has done so on other occasions. *See* 21 U.S.C. § 844(b)(2). Second, the fact that section 5021 provides for the issuance of a certificate to the offender upon the setting aside of his conviction militates against a

construction favoring expunction. Had Congress intended to provide for complete eradication of the offender's criminal record, such a certificate would seem unnecessary. Third, it would be incongruous to infer a statutory right to expunge a conviction when there is no statutory right, in most cases, to expunge the record of an arrest that does not result in a prosecution. (emphasis added).

We find this reasoning to be consistent with the intent of SDCL 23A–27–13. A person should be entitled to suspended imposition of sentence only one time. This court has allowed suspended imposition of sentence under SDCL 23A–27–13 to be used for enhancement purposes in driving under the influence of alcohol cases. *State v. Winchester,* 438 N.W.2d 555 (S.D.1989). The trial court correctly concluded it could not suspend imposition of sentence because Marnette had a prior felony conviction.

■ Marnette also argues that the trial court's holding creates a conflict between South Dakota law and federal legislative intent, consequently violating Article VI of the United States Constitution.[4] Presumably, Marnette's theory is derived from the dicta of *United States v. Fryer,* 402 F.Supp. 831 (N.D.Ohio 1975). That case is clearly distinguishable. The *Fryer* court held that a prior conviction which had been set aside by the Act could not be used to convict a defendant of a federal firearms offense which requires, as an essential element of the offense, a prior felony conviction. The defendant in *Fryer* was convicted of making a fictitious statement to a firearms dealer while purchasing a firearm. The District Court held that a defendant whose conviction had been set aside under the Act is not required to reveal the conviction when purchasing a firearm. *Fryer* deals with proving the elements of a crime not sentencing a criminal defendant. Therefore, its analysis is inapplicable to this case.

The trial court's inability to suspend imposition of Marnette's sentence because of his

---

4. United States Constitution, Article VI, in pertinent part states:
   ... This Constitution, and the laws of the United States ... shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.

prior federal felony conviction is not a violation of the Supremacy Clause. There is no conflict between federal and state law. The trial court properly considered the prior conviction and determined Marnette was not eligible for a suspended imposition of sentence under the statutes of this state. Further support for this position is that such a conviction, although set aside, would constitute a prior offense under the Federal Sentencing Guidelines. *See* Federal Sentencing Guidelines § 4A1.2 Definitions and Instructions for Computing Criminal History commentary 10.[5] By analogy, Marnette's prior conviction, even though set aside, still constitutes a prior conviction when determining whether the trial court has authority to suspend imposition of sentence.

SDCL 23A–27–13 clearly states that a court can suspend the imposition of sentence for only those "person[s] never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state." Marnette's prior federal felony conviction precluded the trial court from suspending imposition of his sentence. SDCL 23A–27–13; *State v. Griffee*, 331 N.W.2d 576 (S.D.1983). Under no reasonable theory should a defendant who has received the benefits of a particular sentencing statute in one forum be able to hide his criminal record from a court in another jurisdiction in order to get a second bite of the suspended imposition apple.

## ISSUE 2

Did the trial court deny Marnette his right to due process or equal protection by relying on a prior felony conviction which has been "set aside" under the Federal Youth Corrections Act?

■ Marnette's argument is premised on the theory that the record of his prior conviction "should not have appeared in the records

search done for the presentence report; the record should have been expunged."[6] He argues that the trial court's inability to suspend imposition of sentence because of this prior conviction is "fundamentally unfair, arbitrary, capricious, and unreasonable." Marnette also claims the trial court's actions were unconstitutional because "[y]outhful [o]ffenders in some parts of the United States had their conviction records expunged and those in other parts of the country did not." Marnette cites *Drayton v. People*, 423 F.Supp. 786 (E.D.N.Y.1976), in support of his argument. *Drayton* does not deal with the Federal Youth Corrections Act and is of no value to this case.

Marnette has not shown that criminal defendants are treated differently within South Dakota. His argument addresses the federal courts' assorted treatment of convictions which have been "set aside" via 18 U.S.C. § 5021. This is not the proper forum for such an argument because this court lacks the authority to restrict the federal courts' interpretation of federal law. United States Constitution, Article VI.

Affirmed.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Over 20 years ago, Marnette's felony conviction was lawfully vacated by a federal court in Wyoming. Today, this Court casts aside that foreign judgment. Therefore, I dissent.

A presentence investigation in this case revealed that Marnette had been convicted of a federal offense in 1972: the unlawful use of a credit card, stolen by another man, when

---

5. Commentary 10 provides:
   *Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting

from such convictions are to be counted. However, expunged convictions are not counted.

6. According to the United States District Court's Probation Office for the District of Wyoming, Marnette's prior conviction was not supposed to appear on his record.

Marnette was 20 years old. *See United States v. Lynn*, 461 F.2d 759 (10th Cir.1972). Marnette served 30 days in a Federal Reformatory and was discharged from probation for good behavior.

On October 26, 1973, Judge Ewing T. Kerr, of the United States District Court for the District of Wyoming, filed a Certificate of Vacation of Conviction setting aside Marnette's 1971 federal felony conviction. In the Tenth Circuit, which includes Wyoming, "such 'setting aside' of the conviction means that the conviction will be expunged from the defendant's records." *Watts v. Hadden*, 651 F.2d 1354, 1373 n. 3 (10th Cir.1981), *citing United States v. Bronson*, 449 F.2d 302 (10th Cir.1971), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1972). Although such was the intent, this conviction somehow remained on Marnette's FBI "rap sheet," and the trial court considered it for purposes of suspended imposition of sentence. *See* SDCL 23A–27–13. Based on a split of authorities, this Court relies on *United States v. McMains*, 540 F.2d 387 (8th Cir.1976), and holds that the conviction, though set aside under 18 U.S.C. 5021 and expunged, is not expunged from the record.

Marnette's conviction and subsequent expunction did not take place under the jurisdiction of the Eighth Circuit or South Dakota. Rather, Marnette's conviction in federal court, District of Wyoming was vacated under the authority of the Tenth Circuit. Hence, the conviction was lawfully expunged by Judge Kerr per Tenth Circuit decisional law. Under U.S. Const. art. IV, § 1, "Full faith and credit shall be given in each and every state to the public acts, records, and judicial proceedings of every other state." This includes the federal courts of the United States. SDCL 15–16A–1. Therefore, such an order must be honored by this Court. "Foreign judgments are accorded this deference to avoid offending the Full Faith and Credit Clause of the United States Constitution." *Wooster v. Wooster*, 399 N.W.2d 330, 333 (S.D.1987). The facts are analogous to recognition of a foreign divorce decree:

> Nor do we reach here the question as to the power of North Carolina to refuse full faith and credit to Nevada divorce decrees because, contrary to the findings of the Nevada court, North Carolina finds that no bona fide domicil was acquired in Nevada. In the second place, the question as to what is a permissible limitation on the full faith and credit clause does not involve a decision on our part as to which state policy is the more desirable one.

*Williams v. North Carolina*, 317 U.S. 287, 302–03, 63 S.Ct. 207, 215, 87 L.Ed. 279 (1942).

This Court may have no desire to permit expunction under the Youth Corrections Act; and trial courts in South Dakota have every right to consider prior felonies under SDCL 23A–27–13. However, because this Court finds Eighth Circuit decisions to be more desirable gives us no right or authority to ignore the ruling of another jurisdiction. In fact, it appears that we are overruling *Watts v. Hadden, supra*.

It was error for the trial court to consider a conviction which, in effect, did not exist. It is an even greater error for this Court to revive a conviction lawfully vacated and expunged in another jurisdiction.

The fact that the conviction erroneously remained on the "rap sheet" is irrelevant. Prior to sentencing, the trial court received a copy of Judge Kerr's 1973 order stating that Marnette's conviction "has been set aside pursuant to the provisions of Section 5021(b), Title 18, U.S. Code." As noted above, the Tenth Circuit expunges such matters from the defendant's records. *Watts*, 651 F.2d at 1373. Additionally, a letter, dated March 19, 1993, from the Supervising U.S. Probation Officer in Wyoming, confirming that the conviction should have been removed from Marnette's record, stated that the probation officer "was able to verify that Mr. Marnette received the benefit of the Youth Corrections Act and the conviction should no longer appear on his FBI Fingerprint Record." According to said letter, notice was sent to the FBI that the conviction should be removed. The trial court knew that the prior felony should be non-existent in the eyes of the law.

Therefore, this "set aside conviction" should not now be deemed a "conviction" for purposes of SDCL 23A–27–13. In my opin-

ion, the latter statute should be construed to further the Legislature's intent. It appears patent to me that a record of conviction is required to limit a trial court's discretion under SDCL 23A–27–13. Marnette's prior felony conviction simply does not exist. This case should be reversed and remanded to the trial court for further proceedings.