# FILED

May 29 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0650

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 113

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

WILLIAM DENNIS CLEARY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 10-176
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Bradley J. Finn, Attorney at Law, Billings, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Victoria Callendar,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  March 21, 2012

Decided:  May 29, 2012

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    On September 25, 2009, while driving his motorcycle in Yellowstone County, William Dennis Cleary struck a deer. Cleary was transported to the hospital, where a consensual blood alcohol content test revealed a BAC of .18. On March 26, 2010, the State of Montana filed an Information charging Cleary with felony Driving a Motor Vehicle Under the Influence of Alcohol or Drugs (DUI). The felony charges were based upon Cleary's Montana driving record which reported three previous DUIs—two in Montana and one in South Dakota. Cleary moved to have the felony dismissed, arguing that he should not be subject to the enhanced felony charges because the DUI issued in South Dakota was not a "prior conviction." The Thirteenth Judicial District Court denied his motion. We reverse and remand.

## ISSUE

¶2    A restatement of Cleary's issue on appeal is:

¶3    Did the District Court err in concluding that the "suspended imposition of sentence" which Cleary received pursuant to South Dakota Codified Laws (SDCL) § 23A-27-13 on August 7, 2007, following his "guilty" plea to a Per Se offense under SDCL § 32-23-1(1), constitutes a "conviction" under § 45-2-101(16), MCA, for purposes of enhancing his charges to "felony" status under § 61-8-731, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    In March 2010, Cleary was charged by Information with felony DUI, or in the alternative, felony BAC based upon his September 2009 motorcycle accident. The Affidavit for Leave to File Information stated "The Defendant was convicted of DUI or

2

Per Se on: August 7, 2007; July 9, 2004; and October 21, 1991." Therefore, pursuant to § 61-8-731, MCA (2007),[1] Cleary was charged with a "fourth" lifetime alcohol-related driving offense and charged with a felony.

¶5 After pleading not guilty, Cleary moved to have the felony charge dismissed in District Court, arguing that the DUI recorded in South Dakota was not a "conviction" and should not have been considered in determining the number of Cleary's past DUI convictions. Cleary argued that the South Dakota Magistrate Court did not enter a judgment of "guilty;" rather, it exercised judicial clemency as allowed by SDCL § 23A-27-13. Cleary also argued, with limited legal analysis, that because his 2009 DUI was his first DUI in 5 years, it should be charged as a "first offense" under Montana law.

¶6 Cleary expressly appeals the District Court's ruling on his South Dakota offense as reflected in his issue statement above. He also suggests that this Court should remand the matter to the District Court with instruction that he be charged and sentenced for a "first offense." However, Cleary's failure to present any analysis of applicable law and application of such law to the facts of his case, precludes us from addressing this latter issue. We therefore confine our analysis and resolution to Cleary's primary issue. M. R. App. P. 12(f).

¶7 Cleary received his South Dakota DUI on August 5, 2007, and pled guilty two days later on August 7. On August 8, 2007, the South Dakota Magistrate Court issued an

---

[1] It is well established that the law in effect at the time the offense was committed controls as to the possible sentence. *State v. Johnson*, 2011 MT 286, ¶ 13, 362 Mont. 473, 265 P.3d 638. Cleary's South Dakota offense occurred in August 2007. The 2007 MCA did not go into effect until October 1, 2007; therefore the 2005 MCA controls this offense. Similarly, Cleary's September 25, 2009 DUI is governed by the 2007 MCA.

3

"Order Suspending Imposition of Sentence" (Suspension Order). This Suspension Order, issued pursuant to SDCL § 23A-27-13, stated that the court "does not enter a judgment of guilt but exercises its judicial clemency under SDCL 23A-27-13 and with the consent of [Cleary] suspends the imposition of the sentence . . . ." Also under the Suspension Order, Cleary was required to pay a fine and court costs and to obey all laws during a six-month probation period.

¶8 Six months later, on February 7, 2008, the South Dakota Magistrate Court entered an "Order of Dismissal and Discharge" of Cleary's "suspended imposition of sentence." The court dismissed the action and discharged Cleary based upon Cleary's compliance with the conditions of the Suspension Order. The order of dismissal further provided that "all official records, in this action be sealed, along with all recordation relation to [Cleary's] arrest, indictment, trial, and dismissal and discharge." Despite the court order sealing the records in accordance with SDCL § 23A-27-17, the South Dakota Driver's Licensing Program mistakenly transmitted Cleary's charge, plea and suspended imposition of sentence to the State of Montana and it was posted to his Montana driving record as a DUI.

¶9 Cleary immediately sought to have reference to the South Dakota proceeding removed from his Montana driving record. When the Montana Motor Vehicle Division (MVD) declined to revise Cleary's record, Cleary and the South Dakota Magistrate Court embarked upon a circuitous remedial route. First, on February 1, 2010, the South Dakota Magistrate Court issued an order vacating the August 8, 2007 Suspension Order, stating the "matter is hereby vacated, and shall have no further legal effect. The judgment shall

4

be stricken from the record . . . ." Then, a week later, the South Dakota court entered a nunc pro tunc order under a new file number again suspending the sentence associated with Cleary's August 2007 DUI.

¶10 Meade County, South Dakota, provided the Montana MVD with the South Dakota court's February 1, 2010 order vacating Cleary's original suspended imposition of sentence. On February 17, 2010, Cleary received a letter from MVD informing him that the South Dakota DUI was "expunged" from his record. Shortly thereafter, in March 2010, Cleary was arraigned on the DUI arising from his September 2009 motorcycle accident. On July 23, 2010, the South Dakota Department of Public Safety sent Cleary an "Order of Dismissal" notifying him that the DUI had been removed from his South Dakota driving record and that record of it had been sealed by the court.

¶11 Against this backdrop, Cleary moved the District Court for dismissal of the felony DUI charges. He argued that because both Montana and South Dakota had removed the South Dakota DUI from his driving record, there were insufficient predicate DUI convictions to support a felony DUI. The State opposed his motion, arguing that the South Dakota DUI could be used for sentence enhancement purposes. The District Court agreed with the State and denied Cleary's motion to dismiss the felony charges.

¶12 After comparing South Dakota and Montana DUI statutes, the District Court determined that Cleary's South Dakota DUI could be used to enhance his sentence for his 2009 Montana DUI. The court relied upon SDCL § 23A-27-15 and *State v. Winchester*, 438 N.W.2d 555 (S.D. 1989). It explained that the South Dakota law—SDCL § 23A-27-13—allowing suspended sentences to individuals who have not previously

5

been convicted of a felony, is countered in some instances by another South Dakota law, SDCL § 23A-27-15, which allows that same suspended sentence to later be considered a conviction in the event the individual commits another crime. The court stated:

> South Dakota does not allow a repeat, habitual criminal to reap the benefit of a "suspended imposition of sentence." [SDCL § 23A-27-13] is designed to give one second chance to a specific group of individuals not previously convicted of a felony. By statute [SDCL § 23A-27-15] and the *Winchester* case, the South Dakota Supreme Court has unequivocally prevented a defendant convicted of multiple crimes from using a "suspended imposition of sentence" as a sword against the State.

The District Court concluded that SDCL § 23A-27-15 applied not only to any subsequent DUI Cleary might get in South Dakota but also to Cleary's subsequent DUI in Montana.

¶13 On June 16, 2011, Cleary entered into a plea bargain agreement in which he entered a plea of guilty to the felony charge but reserved his right to appeal the District Court's denial of his motion to dismiss. He was sentenced in September 2011 to the Department of Corrections (DOC) for thirteen months and upon successful completion of the DOC's residential alcohol treatment program, the remainder of his sentence would be served on probation. Cleary was also sentenced to the DOC for 3 years, all suspended, to run consecutively to the thirteen-month term. Following sentencing, Cleary moved for a stay of execution of sentence which the District Court granted. Cleary filed his appeal on October 31, 2011.

**STANDARD OF REVIEW**

¶14 This Court reviews the denial of a motion to dismiss in criminal cases de novo to determine whether the district court's conclusions of law are correct. *State v. Sidmore*, 286 Mont. 218, 223, 951 P.2d 558, 562 (1997).

**DISCUSSION**

¶15 *Did the District Court err in concluding that the "suspended imposition of sentence" which Cleary received pursuant to SDCL § 23A-27-13 on August 7, 2007, following his "guilty" plea to a Per Se offense under SDCL § 32-23-1(1), constitutes a "conviction" under § 45-2-101(16), MCA, for purposes of enhancing his charges to "felony" status under § 61-8-731, MCA?*

¶16 Like South Dakota, Montana disciplines DUI offenders differently based upon how many DUI convictions an offender has received. The penalties for three or fewer DUIs are not as harsh as the penalties for four or more DUI offenses. Sections 61-8-714 and 61-8-722, MCA (2007). For a fourth or greater DUI, the State shall pursue a felony charge and sentence rather than a misdemeanor charge and sentence against the defendant. Section 61-8-731, MCA (2007). Additionally, § 61-8-734, MCA (2007), provides that convictions in other states may be used to determine the number of previous convictions an offender has, providing that (1) it was a "conviction," and (2) the other state's statute or regulation is "similar" to Montana's. Therefore, in order to determine whether Cleary's South Dakota DUI counts as a previous conviction, we must examine both Montana and South Dakota's statutes.

¶17 The South Dakota "judicial clemency" statute, SDCL § 23A-27-13 (2005), provides:

> Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, if satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best. A court may revoke

such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period.

Upon completion of the probationary period and established compliance with the conditions imposed, the court "shall" discharge the defendant with a "formal entry of . . . discharge" filed with the clerk of court. "Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." SDCL § 23A-27-14 (2005).

¶18 The "habitual offender" South Dakota statute, SDCL § 23A-27-15 (2005), provides:

> For the sole purposes of consideration of the sentence of a defendant for subsequent offenses or the determination of whether the defendant is an habitual offender under chapter 22-7, the fact of suspension of imposition of sentence under § 23A-27-13, whether or not discharge and dismissal have occurred, shall be considered a prior conviction.

¶19 Under Montana law, "conviction" is defined in § 45-2-101(16), MCA (2005), as "a judgment of conviction or sentence entered upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." A "judgment" is "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Section 46-1-202(11), MCA (2005). A "sentence" means "the judicial disposition of a criminal proceeding upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty." Section 46-1-202(25), MCA (2005).

8

¶20 Cleary argues that he was never "convicted" or "sentenced" for the per se offense in South Dakota. He asserts that the South Dakota court did not accept his guilty plea, but rather proceeded "without entering a judgment of guilty" and suspended the imposition of sentence. Therefore, he maintains that he was neither "convicted" nor "sentenced," as the terms are defined under Montana law. Cleary's interpretation was supported at the District Court hearing by testimony from the Deputy Meade County Attorney from South Dakota. She testified that the "suspension of imposition of sentence" statute—SDCL § 23A-27-13—allowed both South Dakota residents and out-of-state individuals to receive a suspended imposition of sentence under the circumstances described in the statute. She also testified that she was not aware of any Montana statute or decision by this Court that would allow a per se charge in South Dakota that was successfully resolved through SDCL § 23A-27-13 to be considered a "conviction" for sentence enhancement purposes in Montana.

¶21 Cleary also submits that Montana does not have a statute stating that a "suspended imposition of sentence" received in another state shall be deemed a "conviction" in Montana for purposes of enhancing the sentence imposed on a subsequent DUI. Additionally, he points out that the South Dakota statute does not reveal a legislative intent to have a South Dakota "suspended imposition of sentence" treated as a conviction if the defendant has a subsequent alcohol-related driving offense in another state. Lastly, Cleary argues—correctly—that Montana has no statutory equivalent to SDCL § 23A-27-13.

¶22 The District Court concluded that because Cleary had pled guilty to violating South Dakota's DUI statute which is similar to Montana's, and because both South Dakota and Montana have felony-charging provisions for "habitual offenders," Cleary's suspended imposition of sentence qualified as a conviction under Montana's statute. The court relied upon SDCL § 23A-27-15 and the *Winchester* case.

¶23 In *Winchester,* Winchester, a South Dakota resident, argued that her suspended imposition of sentence for her first DUI may not be used to enhance the penalty for her second South Dakota DUI. The South Dakota Circuit Court disagreed and she appealed to the State's Supreme Court. The South Dakota Supreme Court, citing SDCL § 23A-27-15, which specifically allows a "suspended imposition of sentence" to be considered a prior conviction for purposes of sentencing a defendant for a subsequent offense, affirmed the Circuit Court. *Winchester*, 438 N.W. 2d at 556. However, because there is nothing in *Winchester* that extends application of SDCL § 23A-27-15 to non-residents in a similar position, and because Montana does not in any event have a "judicial clemency" statute or anything remotely similar, we conclude *Winchester* is inapposite.

¶24 Returning to Montana law, in order for an out-of-state DUI to qualify for felony enhancement purposes in Montana, there must be a "conviction" for violation of a similar DUI statute in another state. Section 61-8-734(1)(a), MCA. The South Dakota DUI does not meet this standard, as there was not a "conviction" in South Dakota as the term is defined under Montana law ("a judgment of conviction or sentence entered upon a plea of guilty or . . . upon a . . . finding of guilty . . . by a court of competent jurisdiction . . ." per

10

§ 45-2-101(16), MCA). Rather, there was in South Dakota a suspended imposition of sentence followed by a statutorily-authorized vacation of sentence and a complete expungement of the judgment from the record. Such a disposition, which has no similar counterpart in Montana law, simply cannot be equated to a conviction under Montana law for felony enhancement purposes. Moreover, the fact that South Dakota may elevate a "suspended imposition of sentence" to the status of a "prior conviction" for purposes of sentencing habitual South Dakota offenders in South Dakota is unavailing in Montana. We decline to import into Montana a portion of an out-of-state DUI sentencing scheme the remainder of which is not at all similar to Montana's DUI sentencing law.

¶25 For these reasons, we conclude Cleary's South Dakota offense was neither a conviction nor a sentence for Montana purposes, and that the expungement of the charge precludes it from being counted as a previous conviction for sentence enhancement purposes.

## CONCLUSION

¶26 We reverse the District Court's ruling on Cleary's motion to dismiss and remand this case for further proceedings in accordance with this Opinion.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON

11

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

Justice Beth Baker, dissenting.

¶27    I would affirm the District Court's well-reasoned opinion that Cleary's suspended imposition of sentence constituted a conviction for the purpose of enhancing his current DUI conviction to a felony under § 61-8-731, MCA (2007).

¶28    For purposes of determining whether a person has three prior convictions in order for a DUI to constitute a felony, Montana law defines "conviction" to include "conviction for a violation of a similar statute or regulation in another state[.]"  Section 61-8-734(1)(a), MCA (2007).  The South Dakota court entered an order in August 2007, suspending imposition of Cleary's sentence pursuant to SDCL § 23A-27-13.  South Dakota law makes clear that a suspended imposition of sentence is considered a prior conviction "[f]or the sole purposes of *consideration of the sentence of a defendant for subsequent offenses* or the determination of whether the defendant is an habitual offender under chapter 22-7, . . . *whether or not discharge and dismissal have occurred*."  SDCL § 23A-27-15 (emphasis added).  "The South Dakota Supreme Court has plainly held that a suspended imposition of sentence may be used to enhance the penalty for a subsequent criminal law violation."  *Whitepipe v. Weber*, 536 F. Supp. 2d 1070, 1080 (D.S.D. 2007) (citing *State v. Marnette*, 519 N.W.2d 35, 38 (S.D. 1994); *Winchester*, 438 N.W.2d 555).

12

¶29 Section 61-8-734(1)(a), MCA (2007), provides in relevant part that in order to determine the number of convictions for prior offenses, "'conviction' means a final conviction, as defined in 45-2-101, in this state, [or] conviction for a violation of a similar statute . . . in another state[.]" Thus, the statute does not define "conviction in another state," but limits reference to § 45-2-101, MCA, to determining a final conviction "in this state." We have held that the determination whether the defendant has been convicted in another state is to be made by reference to that state's law. In *State v. Ailport*, 1998 MT 315, ¶¶ 18-19, 292 Mont. 172, 970 P.2d 1044, we considered North Dakota law in determining whether a North Dakota judgment could be used to enhance a charge in Montana. We stated, "The judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Ailport*, ¶ 18 (quoting *Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, 970 P.2d 1017). Cleary's suspended imposition of sentence constituted a conviction in South Dakota for the purpose of considering his sentence for subsequent offenses.

¶30 Application of Montana's statutes does not lead to a different conclusion. Cleary's 2007 DUI charge resulted in a judicial disposition of a criminal proceeding upon his plea of guilty. It therefore was a "sentence" within the meaning of Montana's definition of "conviction." Sections 45-2-101(16), 46-1-202(25), MCA (2005). Accordingly, nothing in Montana law prohibits Montana courts from giving it the same effect for the "sole purpose" of consideration of Cleary's sentence in this case.

¶31 The purpose of South Dakota's statute allowing a suspended imposition of sentence is to give an offender one chance for judicial leniency. *Winchester*, 438 N.W.2d at 555-56. While a suspended sentence may not be considered a conviction "for certain purposes," it explicitly is a conviction for determining enhancement of sentence for subsequent offenses. *State v. Cran*, 281 N.W.2d 81, 84 (S.D. 1979). Both the 2007 sentencing order and the 2010 nunc pro tunc order expressly note that Cleary entered a plea of guilty to the offense of "driving or control of vehicle while having .08 percent or more of alcohol in blood" and that, based on his lack of any prior felony convictions, the imposition of his sentence was suspended pursuant to SDCL § 23A-27-13. Once Cleary committed another offense, he lost the protection of that "judicial clemency" under South Dakota law. South Dakota's determination that his 2007 DUI should be considered a prior conviction for sentence enhancement purposes is entitled to "the same credit, validity, and effect" in Montana.

¶32 I would affirm the judgment of the District Court.


/S/ BETH BAKER


Justice Jim Rice joins in the dissenting Opinion of Justice Baker.


/S/ JIM RICE


14