FILED

12/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0023

DA 23-0023

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 311N

CITY OF MISSOULA,

      Plaintiff and Appellee,

  v.

MARK FOLLWEILER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DC-22-483
                     Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Darcy Ann Critchfield, Attorney at Law, Billings, Montana

       For Appellee:

       Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
       Attorney General, Helena, Montana

       Keithi Worthington, Interim City Attorney, Missoula, Montana

Submitted on Briefs:  November 20, 2024

Decided:  December 17, 2024

Filed:

                               _____
                                    Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark Follweiler (Follweiler) appeals from the Missoula Municipal Court's August 8, 2022 Order Denying Defendant's Motion to Exclude Out of State Charge and the November 14, 2022 Order Affirming Municipal Court Decision and Remanding Case, issued by the Fourth Judicial District Court, Missoula County. We affirm.

¶3 On May 11, 2021, Follweiler was charged with DUI in violation of § 61-8-401(1)(a), MCA (2019). The City later amended the charge to DUI, third offense under § 61-8-401(1)(b), MCA—citing prior DUI convictions from Missouri on January 11, 2000, and from Pennsylvania on March 17, 2011. Follweiler filed a motion to exclude use of the out-of-state convictions to enhance the charged DUI to a third, rather than a first, offense. At hearing, Follweiler argued that the statute determining the number of convictions under § 61-8-401, MCA, was ambiguous.[1] The Municipal Court did not find the statute to be ambiguous and denied Follweiler's motion. Follweiler then entered a nolo contendere plea reserving the right to appeal the denial of his motion to exclude use of the out-of-state convictions. Follweiler appealed to the District Court which affirmed the Municipal Court.

---

[1] The statute to which Follweiler referred was numbered § 61-8-734, MCA (2019), and has now been renumbered to § 61-8-1101, MCA.

Follweiler now appeals from the Municipal Court's denial of his motion to exclude use of the out-of-state convictions and the District Court's affirmance thereof.

¶4 Upon Follweiler's appeal from Municipal Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-6-110, MCA. "When district courts function as intermediate appellate courts for appeals from lower courts of record, we review the appeal de novo as though it were originally filed in this Court." *City of Missoula v. Metz*, 2019 MT 264, ¶ 11, 397 Mont. 467, 451 P.3d 530 (citing *State v. Akers*, 2017 MT 311, ¶ 9, 389 Mont. 531, 408 P.3d 142).

¶5 As such is a matter of law, we review de novo whether a prior conviction may be used to enhance a criminal sentence. *State v. Wellknown*, 2022 MT 94, ¶ 11, 408 Mont. 411, 510 P.3d 84 (citations omitted).

¶6 Follweiler asserts a domino type argument. He asserts that his prior Missouri DUI conviction is not a qualifying conviction under § 61-8-734, MCA (2019), and, if that conviction is excluded from consideration, his prior Pennsylvania DUI would be his first conviction. He then asserts that § 61-8-734(1)(b), MCA (2019), requires a 10-year look back for a second offense DUI, not a lifetime, as is the case with a third offense DUI. As the Pennsylvania conviction occurred in excess of 10 years prior to the Montana DUI conviction at issue here, it falls outside the 10-year look back period such that the DUI at issue here should be considered and punished as a first offense DUI, rather than a third offense. Although Follweiler "concedes that the City provided competent proof of two prior out-of-state convictions and that no irregularity was present that would render the records unreliable[,]" he asserts the City failed to establish they were "qualifying

3

convictions" under § 61-8-734, MCA (2019). Follweiler faults his attorney for failing to examine the evidence in the record and make arguments related to the Missouri offense for the court to consider.

¶7  At the time of Follweiler's 2000 Missouri DUI conviction, § 61-8-401(1), MCA (1999), set forth the elements of the offense of driving under the influence of alcohol or drugs (DUI) in Montana providing:

It is unlawful . . . for a person who is under the influence of:

(a)  alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;

(b)  a dangerous drug to drive or be in actual physical control of a vehicle within this state;

(c)  any other drug to drive or be in actual physical control of a vehicle within this state; or

(d)  alcohol and any dangerous or other drug to drive or be in actual physical control of a vehicle within this state.

Missouri's DUI statute at the time of his Missouri conviction contained similar elements—making it illegal to operate a motor vehicle in an intoxicated or drugged condition. Mo. Rev. Stat. § 577.10 (1999). Section 61-8-714, MCA (1999), provided the penalty for first through third offense DUI as follows: a first conviction "shall be punished by imprisonment for not less than 24 consecutive hours or more than 6 months and shall be punished by a fine of not less than $100 or more than $500," a second conviction "shall be punished by a fine of not less than $300 or more than $500 and by imprisonment for not less than 7 days or more than 6 months," and a third conviction "shall be punished by

4

imprisonment for a term of not less than 30 days or more than 1 year and by a fine of not less than $500 or more than $1,000."

¶8 Follweiler does not assert that the criminal conduct in which he engaged resulting in his Missouri conviction would not constitute the offense of DUI under § 61-8-401(1), MCA, the statute under which he was convicted for his Montana DUI. Instead, Follweiler argues that his Missouri DUI conviction is not a "qualifying conviction" as the 1999 *penalty* for a first offense DUI in Montana—a minimum jail time of 24 hours and a minimum fine of $100—was not the same as that for a first offense DUI in Missouri—a two-year fully suspended sentence on probation. In making this argument, Follweiler relies on *State v. Cleary*, 2012 MT 113, 365 Mont. 142, 278 P.3d 1020.

¶9 Contrarily, the City asserts Follweiler misapprehends *Cleary* and that the plain language of the statute defines what prior DUI convictions must be used for sentence enhancement. We agree with the City. Section 61-8-734(1)(a), MCA (2019), in pertinent part provides: "For the purpose of determining the number of convictions for prior offenses . . . 'conviction' means a final conviction, as defined in 45-2-101, in this state; [or] conviction for a violation of a similar statute or regulation in another state[.]" Follweiler does not contest his Missouri DUI conviction was a conviction as defined in § 45-2-101, MCA. Section 61-8-734, MCA (2019), does not require that the offense of which he was convicted in another state also have the same or similar penalty in order to be a qualifying conviction. Nor does *Cleary* require such. The issue in *Cleary* was not whether the penalty prescribed for the out-of-state offense precluded it from being included to enhance a DUI sentence. The issue was whether the out-of-state offense actually involved a "conviction."

5

Cleary was charged with a fourth offense DUI, a felony. After pleading guilty, he moved to have the felony charge dismissed arguing that a prior DUI recorded in South Dakota was not a conviction. Cleary pled guilty to the prior DUI in South Dakota on August 7, 2007. On August 8, 2007, the presiding Magistrate Court issued an Order Suspending Imposition of Sentence that stated the court did not enter a judgment of guilt and suspended the imposition of the sentence. Six months later the Magistrate Court issued an Order of Dismissal and Discharge dismissing the action based on Cleary's compliance with the original suspension order. *Cleary*, ¶¶ 7-8. This Court examined both Montana and South Dakota's statutes "to determine whether Cleary's South Dakota DUI counts as a previous conviction[.]" *Cleary*, ¶ 16. South Dakota's judicial clemency statute—S.D. Codified Laws § 23A-27-13 (2005)—provided that a court may, without entering a judgment of guilt suspend the imposition of sentence and place the offender on probation. S.D. Codified Laws § 23A-27-14 (2005) then provided that upon completion of the probationary period and established compliance the court shall discharge the defendant. The statute further provided that such discharge and dismissal be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. *Cleary*, ¶ 17 (citing S.D. Codified Laws § 23A-27-14 (2005)). This Court determined that for an out-of-state DUI to qualify for sentence enhancement purposes in Montana, "there must be a 'conviction' for violation of a similar DUI statute in another state." *Cleary*, ¶ 24. We concluded the South Dakota DUI was not a "conviction" under Montana law—a judgment of conviction or sentence upon a plea or finding of guilty by a court of competent jurisdiction—but instead a suspended imposition

6

of sentence followed by vacation of sentence and complete expungement of the judgment from the record. *Cleary*, ¶ 24.

¶10 Here, Follweiler does not dispute that his Missouri DUI was a conviction. It did not involve a subsequent vacation of sentence or complete expungement of the judgment from the record. As such, the Missouri DUI conviction meets the necessary criteria to be used for DUI sentence enhancement pursuant to § 61-8-734, MCA (2019).

¶11 Follweiler argues ineffective assistance of trial counsel (IAC) asserting his attorney failed to examine the evidence in the record and make arguments related to the Missouri offense for the court to consider. We do not find merit to Follweiler's argument that his prior Missouri DUI conviction was not a qualifying conviction for sentence enhancement as the sentence for a first offense DUI in Missouri did not require 24 hours of jail time as a first offense DUI in Montana does. As such, trial counsel's failure to argue such does not constitute IAC and was not prejudicial to Follweiler.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

7