Richard MARSHALL, Petitioner and Appellant,

v.

STATE of South Dakota, Appellee.

No. 12982.

Supreme Court of South Dakota.

Argued Sept. 9, 1980.
(On Reassignment)
Decided Feb. 19, 1981.

James D. Leach, Rapid City, and Kenneth E. Tilsen, St. Paul, Minn., for petitioner and appellant.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

Petitioner appeals from the trial court's order denying his petition for post-conviction relief. We remand for entry of findings of fact and conclusions of law.

Petitioner and appellee each refer to "the trial court's findings of fact" entered to support the order denying the petitioner's request for post-conviction relief. It does not appear, however, that any findings of fact and conclusions of law were entered. The record contains only what is indexed

and captioned as "Respondent's Proposed Findings of Fact and Conclusions of Law" which, on the first page thereof, bears a marginally legible, ambiguous handwritten notation, followed by the trial judge's unattested signature. The final page of the proposed findings and conclusions does not contain the judge's signature, the clerk's attestation, the seal, or the date.

It is thus evident that no findings and conclusions were effectively filed and entered. The apparent reason for this was an objection by petitioner's attorney to the entry of any findings. SDCL 15–6–52(a) and (b) provide that findings are not required if waived, and petitioner's objection to entry of findings and conclusions clearly was meant to operate as a waiver. Upon examination of SDCL 23A–34 (chapter entitled "Post-Conviction Proceedings"), however, we conclude that findings may not be waived in post-conviction proceedings.[1]

SDCL 23A–34–11 provides, in part:

All existing rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties. The court may receive proof by affidavits, depositions, oral testimony, or other evidence, and may order the petitioner brought before the court.

This statute could be construed as allowing waiver of findings through reference to SDCL 15–6–52(a) and (b). However, it must be read in conjunction with SDCL 23A–34–18, which states:

A court *must make* specific findings of fact, and state expressly its conclusions of law; relating to each federal, state or other issue presented. The order is a final judgment for purposes of review. [emphasis supplied]

This statute is specific and express and, as such, controls over the more general statutes referred to.[2] *Kinzler v. Nacey*, 296 N.W.2d 725 (S.D.1980); *Clem v. City of Yankton*, 83 S.D. 386, 160 N.W.2d 125 (1968).

We accordingly remand for entry of findings of fact and conclusions of law and an order based thereupon in accordance with SDCL 23A–34–18. This is to be effected upon the present record without a new hearing or other proceedings below, *cf. Essington v. Buchele*, 79 S.D. 544, 115 N.W.2d 129 (1962), except that both parties shall be afforded the normal opportunity to submit proposed findings and conclusions and to enter objections.

---

1. This conclusion is not altered by our holding in *State v. Means*, 268 N.W.2d 802 (S.D.1978), to the effect that SDCL 15–6–52(a) does not require written findings in court-tried criminal cases.

2. South Dakota's post-conviction relief chapter substantially follows the Uniform Post-conviction Procedure Act. The Commissioner's Comment on § 7 thereof, which contains similar language to and is the basis for SDCL 23A–34–11 and 23A–34–18, states:

By requiring explicit findings of fact and law, this section aims to reduce the number of mandatory hearings in federal habeas corpus proceedings and to facilitate summary federal disposition.