**Rodney Dean CARROLL, Petitioner,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, and Lynne De Lano, Warden of the Springfield Correctional Facility, Respondents.**

**No. 15859.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 20, 1987.

Decided June 1, 1988.

---

Richard Braithwaite, Sioux Falls, for petitioner.

Roger A. Tellinghuisen, Atty. Gen., Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for respondents.

SABERS, Justice.

Carroll claims his misdemeanor DWI conviction cannot be enhanced once to felony status and then enhanced again under the habitual felony statute. The court denied Carroll's habeas corpus action and he appeals. We reverse and remand for resentencing.

### Facts

Carroll was indicted for driving while under the influence of alcoholic beverages (DWI) on August 28, 1986, a violation of SDCL 32–23–1(2). The state filed two separate part II informations. The first part II information alleged that the DWI offense was his third such offense within five years based upon July 22, 1983, and March 3, 1986, convictions. As such, it constituted a class 6 felony. SDCL 32–23–4. The second part II information was filed pursuant to SDCL 22–7–7 (habitual felony offender). It alleged that Carroll was a second time felony offender based upon a prior DWI felony conviction of March 11, 1986.

Carroll pled guilty to the DWI offense charged in the indictment and admitted the repeat offender allegations contained in both part II informations. Due to the state's filing of the first part II information under SDCL 32–23–4 (punishment for third offense DWI), the penalty for his DWI offense was increased from a class 1 misdemeanor to a class 6 felony. Because the second part II information was filed under SDCL 22–7–7 (habitual felony offender), the penalty was increased from a class 6 felony to a class 5 felony. The trial court sentenced Carroll to four years in the state penitentiary.

Carroll claims that the sentencing court erred in using the provisions of both SDCL 32–23–4 and SDCL 22–7–7 to allow the double enhancement of the penalty for his DWI conviction from a class 1 misdemeanor to a class 6 felony and then to a class 5 felony. We agree.

### Improper Double Enhancement

This court has not determined whether a criminal penalty may be enhanced under both the third offense DWI statute, SDCL 32–23–4, and the habitual felony offender provision, SDCL 22–7–7. The only similar situation confronted by this court was in *State v. Layton*, 337 N.W.2d 809 (S.D. 1983). In *Layton* an inmate defendant was convicted of a felony. He was sentenced as an inmate felon subject to a double penalty under SDCL 22–6–5.1 and, in turn, sentenced as a habitual felony offender under SDCL 22–7–8. We approved the sentence in *Layton* because each of the two penalty enhancement provisions served a distinct purpose. In reaching our conclusion in *Layton* we stated:

The individual who commits felonies while incarcerated exhibits a callous dis-

regard of our penal system, is dangerous to penitentiary personnel, and wreaks havoc with an institution which can exist only through discipline. SDCL 22–6–5.1, the inmate doubling statute, operates in part to protect the unarmed penitentiary guards who must risk their safety to enforce penitentiary rules. SDCL 22–7–8, our habitual offender statute, operates to protect society from the individual who, through his continued felonious conduct, exhibits that efforts of rehabilitation have failed. These two statutes serve distinct purposes, each being a vital concern to our criminal justice system.

*Layton,* 337 N.W.2d at 816.

This case presents a situation unlike that in *Layton.* The use of both SDCL 32–23–4 and SDCL 22–7–7 to enhance the penalty for petitioner's DWI offense accomplishes the same purpose: it enhances his punishment for the subsequent commission of the same criminal offense. As a result, the dual purpose rationale relied upon in allowing double enhancement of the penalty in *Layton* is not present in this case.

In a case involving a factual situation nearly identical to this one, the Supreme Court of Nebraska ruled that the specificity of the language in that state's DWI repeat offender statute, which was, "if such conviction is for a third offense, *or subsequent offense thereafter,* such person shall be imprisoned ...," (emphasis original) yielded the conclusion that it was a specific DWI habitual criminal statute excluding application of a general habitual felony provision. *State v. Chapman,* 205 Neb. 368, 287 N.W.2d 697, 699 (1980), *citing* Neb.Rev.Stat. § 39–669.07(3) (1943).

We find the reasoning of the Nebraska Supreme Court persuasive in our review of SDCL 32–23–4, the third offense DWI statute. Like the Nebraska statute, it specifically states, "[i]f conviction for a violation of § 32–23–1 is for a third offense, *or subsequent offense thereafter,* the person is guilty of a Class 6 felony...." (emphasis

added). We similarly conclude that SDCL 32–23–4 is a self-contained, specific habitual criminal statute. Rules of statutory construction require that a statute that is specific and express controls over a more general statute, *Marshall v. State,* 302 N.W.2d 52 (S.D.1981).

We find the general felony habitual offender statute inapplicable in sentencing a repeat DWI offender. SDCL 22–7–7 provides, in part:

> When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether it is a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense....

On its face, this language purports to apply to "principal" and "prior felonies" as opposed to misdemeanors enhanced to felony status.* This conclusion is in keeping with our holding that, "[t]he habitual offender act [SDCL ch. 22–7] is a highly penal enactment and, therefore, it should be strictly construed and applied." *State v. Grooms,* 339 N.W.2d 318 (S.D.1983). This conclusion is also in keeping with *State v. Helling,* 391 N.W.2d 648, (S.D.1986) where we held that a person charged with a third offense DWI was not entitled to additional (felony) peremptory challenges on the underlying charge.

We hold, therefore, that SDCL 32–23–4 provides an exclusive sentencing scheme for repeat DWI offenders and that the sentencing court erred in levying a sentence enhanced under both SDCL 32–23–4 and SDCL 22–7–7. Therefore, we reverse and remand for resentencing.

---

* *See Chapman, supra,* 287 N.W.2d at 698 (DWI offenses which are "felonies" because a defendant has previously been convicted of the same crime, do not constitute "felonies" within the meaning of "prior felonies" that enhance penalties under the habitual criminal statute.)

WUEST, C.J., and MORGAN, J., concur.

HENDERSON, J., concurs in result.

MILLER, J., disqualified.

HENDERSON, Justice (concurring in result).

As the State and appellant briefed propriety/impropriety of jurisdiction through the use of habeas corpus, and this Court by its decision has not addressed this issue, I concur in the result only.