**In the Matter of the Application by Robert NOVAK for a Writ of Habeas Corpus.**

No. 16576.

Supreme Court of South Dakota.

Argued Sept. 11, 1989.

Decided Nov. 1, 1989.

Craig M. Eichstadt, Asst. Atty. Gen., on the brief: Roger A. Tellinghuisen, Atty. Gen., Pierre, for plaintiff and appellee.

Jeff Larson, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

CASE SUMMARY

We hold that SDCL 22–14–15,[1] set forth in extenso below, establishes a substantive offense (felon previously convicted of a crime of violence who has a firearm in his possession or in his control is guilty of a Class 6 felony) and that sentencing upon conviction under that statute may be enhanced through SDCL 22–7–7.[2]

---

1. SDCL 22–14–15 provides:
   Any person who has been convicted in this state or elsewhere of a crime of violence, who has in his possession or under his control, a firearm, is guilty of a Class 6 felony. This section does not apply to any person who was last discharged from prison, jail, probation or parole, for a crime of violence more than fifteen years prior to the commission of the principal offense.

2. SDCL 22–7–7 provides, (in pertinent part):
   When defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. The determination of whether a prior offense is a felony for purposes of this chapter shall be

## PROCEDURAL HISTORY/LEGAL CONTENTIONS

This is a habeas corpus appeal. Petitioner/Appellant Robert Novak (Novak) was convicted, by a Minnehaha County jury, of one count of possession of a firearm by one convicted of a prior violent crime (SDCL 22–14–15) within a fifteen year period, a Class 6 felony. Novak subsequently pleaded guilty to a Part II Information charging him with being a habitual offender with two prior felony convictions, third degree burglary in 1975, and destruction, disposal or removal of personal property subject to a security interest, in 1982. The trial court enhanced his sentence pursuant to SDCL 22–7–7, sentencing him to five years imprisonment in the state penitentiary. Novak filed a habeas corpus petition challenging the trial court's sentencing enhancement, urging that SDCL 22–14–15 is a self-contained enhancement statute not subject to further enhancement under SDCL 22–7–7. Further, he argued that his 1975 conviction could not be used to enhance his sentence. The habeas court denied his petition. Novak appeals. We affirm.

## FACTS

On June 26, 1986, the Minnehaha County grand jury returned an indictment charging Novak with three counts of possession or control of a firearm by a convicted violent felon (SDCL 22–14–15), and one count of knowingly possessing a controlled weapon—a sawed-off rifle—under SDCL 22–14–6. The controlled weapon charge was later dismissed. These charges arose out of an incident, on July 18, 1986, during which police found three guns among Novak's possessions.

Reduced to essentials, the underlying factual scenario is this:

1. Novak and Nancy Hackbarth were divorced in 1980;

2. In May 1986, Novak moved back in with Hackbarth and her sister, Sandy Fodness;

determined by whether it is a felony under the laws of the United States at the time of

3. Hackbarth found Novak, and *her* car, at the residence of another woman (whom Novak later married);

4. Hackbarth told Novak to remove himself and his possessions from her apartment;

5. On July 18, 1986, Sandy Fodness called police after Novak verbally abused Hackbarth, forced his way into the apartment and struck Fodness.

6. Police, after arriving, were asked to remove Novak's belongings, including three guns, identified by Hackbarth as belonging to Novak.

After a jury trial, Novak was convicted on one count of firearms possession (semiautomatic Ruger .22 caliber rifle) by a convicted violent felon (SDCL 22–14–15), and acquitted of the second and third counts. Novak later pleaded guilty to being a habitual offender, admitting both prior felonies in open court. The trial court enhanced his conviction, under SDCL 22–7–7, from a Class 6 felony to a Class 5 felony and sentenced him to five years imprisonment. Without enhancement, Novak was subject to a maximum penalty of 2 years imprisonment plus a $2,000 fine. *See*, SDCL 22–6–1.

On direct appeal to this Court, Novak unsuccessfully raised two issues; 1) admission of evidence concerning an alleged assault; and 2) denial of his motion for acquittal. This Court summarily affirmed Novak's conviction on April 5, 1988. *State v. Novak*, 428 N.W.2d 545 (S.D.1988). He challenged no aspect of sentencing then. On September 2, 1988, he filed a habeas petition which the circuit court denied, leading to the current appeal.

## DECISION

This is a matter of first impression in South Dakota. Novak argues that his sentence was illegally enhanced under SDCL 22–7–7 after he pleaded guilty to a Part II information which alleged *two* prior convictions of felonies. We disagree.

conviction of such prior offense.

Novak's argument, as he formulates it, like Caesar's Gaul, is divided into three parts:

I. The penalty established by the legislature in SDCL 22–14–15 (a Class 6 felony) is meaningless if the habitual criminal statute (SDCL 22–7–7) applies;

II. The underlying act (possessing a firearm) is non-felonious absent his prior criminal record—thus SDCL 22–14–15 is a separate enhancement statute not subject to further enhancement; and,

III. Therefore, it follows that one of the alleged prior convictions is an element of his offense under SDCL 22–14–15, and cannot be used to enhance his sentence.

His first and third arguments are really different facets of the same point. They might have force if he was previously convicted of only one felony. However, such a scenario is not before this Court. Novak pleaded guilty to the Information Part II which alleged *two* prior felony convictions, a third degree burglary conviction,[3] in 1975, and destruction, disposal or removal of personal property subject to a security interest, in 1982. The second felony, in 1982, suffices to invoke SDCL 22–7–7.

Novak's remaining assertion (his second of three in his brief) is that the underlying act (possession or control of a firearm) is not, itself, criminal, and that the legislature did not intend habitual criminal enhancement in such circumstances. We disagree.

Novak relies on three cases: *Carroll v. Solem*, 424 N.W.2d 155 (S.D.1988); *People v. Morris*, 448 N.Y.S.2d 82, 86 A.D.2d 763 (1982) and *People v. Hobbs*, 86 Ill.2d 242, 56 Ill.Dec. 363, 427 N.E.2d 558 (1981). All are easily distinguishable. *Morris*, a D.W.I. case, concerned a statute expressly exempted from New York's general enhancement statute, and *Hobbs* involved no prior felonious conduct, just multiple misdemeanors. In *Carroll*, this Court held that a sentence could not be enhanced twice using both the third-offense D.W.I. statute

(SDCL 32–23–4) and SDCL 22–7–7. Our rationale was that the two statutes, in the *Carroll* context, served the same purpose. However, we also specifically separated the facts in *Carroll* from those in *State v. Layton*, 337 N.W.2d 809 (S.D.1983), wherein enhancement under SDCL 22–6–5.1 (sentence doubling for offenses by penitentiary inmates to protect penitentiary personnel and the institution itself) and SDCL 22–7–7 (purpose: To protect society from the unrehabilitated felon) was deemed appropriate because different purposes were served by the separate statutes. Here, SDCL 22–14–15 protects society from armed and violent repeat felons, while SDCL 22–7–7 protects society in a broader sense. Were we to consider SDCL 22–14–15 to be merely an enhancement statute, *Layton*, not *Carroll*, would apply. The statutes construed in *Carroll* and *Layton* were, on their faces, enhancement statutes. Here, in our view, the Legislature created a separate and distinct substantive offense which it classified as a felony. *See, State v. Rogers*, 753 S.W.2d 607, 613–15 (Mo.App.1988); *Fry v. State*, 655 P.2d 789, 792–793 (Alaska App. 1983). Accord: *State v. McNeill*, 78 N.C. App. 514, 515, 337 S.E.2d 172, 173 (1985). As SDCL 22–14–15 creates a substantive felony, it is subject to enhancement under SDCL 22–7–7.

We affirm Novak's sentence holding that SDCL 22–14–15 establishes a substantive offense; further, that said statute is not a self contained enhancement statute and SDCL 22–7–7 was properly applied under the facts of this case. We do not rule, as suggested above, on the propriety of enhancing a conviction under SDCL 22–14–15 where the defendant's sole prior felony is a violent crime used to satisfy SDCL 22–14–15, as those facts are not before us.

Affirmed.

All the justices concur.

---

3. Third-degree burglary, in 1975, was classified as a *violent* crime. Effective July 1, 1988, the Legislature amended SDCL 22–1–2 to provide that first and second degree (but not third degree) burglary are violent crimes. *See,* 1988 Sess.L. ch. 185 (H.B. 1040).