1999 SD 98

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Shane DAVIS, Defendant and Appellee.**

**No. 20826.**

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided July 28, 1999.

Mark Barnett, Attorney General, Frank Geaghan, Pierre, Assistant Attorney General, Attorneys for plaintiff and appellant.

Gregory T. Brewers of Frieberg, Rudolph & Nelson, Beresford, Attorney for defendant and appellee.

PER CURIAM.

[¶ 1.] The State appeals the dismissal of a part two information charging Shane Davis with fourth offense driving while under the influence of alcohol (DUI). We reverse and remand.

### FACTS

[¶ 2.] Davis is from Castana, Iowa and was arrested for DUI in Union County, South Dakota in September 1998. After his arrest, the State filed an information charging him with one count of DUI and one count of driving with a revoked license. The State also filed a part two information charging him with fourth offense DUI based upon three prior DUI convictions in Iowa. The prior convictions included two convictions for third offense DUI constituting felonies under Iowa law.

[¶ 3.] The charge of fourth offense DUI in this case was filed pursuant to SDCL 32–23–4.6 which provides in pertinent part:

If conviction for a violation of § 32–23–1 [*i.e.*, DUI] is for a fourth offense, or subsequent offenses thereafter, *and the person has previously been convicted of*

*a felony under § 32–23–4,* the person is guilty of a Class 5 felony[.] (emphasis added).

The issue in this case focuses on the language of SDCL 32–23–4.6 emphasized above. Generally, DUI is a Class 1 misdemeanor punishable by up to one year in jail and/or a fine of up to one thousand dollars. SDCL 32–23–2, 32–23–3, 22–6–2(1). However, SDCL 32–23–4 makes third offense DUI a Class 6 felony punishable by up to two years in the penitentiary and/or a fine of two thousand dollars. SDCL 22–6–1–(8). SDCL 32–23–4.6 further enhances the penalty for fourth offense DUI to a Class 5 felony punishable by up to five years in the penitentiary and/or a fine of five thousand dollars. SDCL 22–6–1(7). However, as a prerequisite to conviction of fourth offense DUI, the emphasized language of SDCL 32–23–4.6 quoted above requires conviction of a felony third offense DUI "under § 32–23–4[.]"

[¶ 4.] Since Davis' prior DUI convictions were all in Iowa, none of them were felony third offense convictions "under § 32–23–4[.]". For that reason, Davis filed a "motion for clarification" of the effect of the State's part two information for fourth offense DUI. The trial court held a hearing on Davis' motion and subsequently entered an order determining the State's part two information did not describe a fourth offense DUI violation under SDCL 32–23–4.6, but a third offense violation under SDCL 32–23–4. The order also granted the State leave to file an amended part two information. Treating the trial court's order as a dismissal of the part two information, the State filed this appeal as a matter of right pursuant to SDCL 23A–32–4:

> An appeal by a prosecuting attorney in a criminal case may be taken to the Supreme Court, as a matter of right, from a judgment, or order of a circuit court sustaining a motion to dismiss an indictment or information on statutory grounds or otherwise[.]

## ISSUE

[¶ 5.] **Did the trial court err in dismissing the part two information?**

[¶ 6.] The trial court found the language of SDCL 32–23–4.6 plain and unambiguous. Observing it requires conviction of third offense DUI "under § 32–23–4" as a prerequisite to conviction of fourth offense DUI and that none of Davis' prior DUI convictions were "under § 32–23–4," the trial court found the State's part two information insufficient to charge fourth offense DUI. The State argues the trial court erred in this interpretation.

[¶ 7.] Statutory interpretation is a question of law subject to de novo review. *See City of Sioux Falls v. Ewoldt,* 1997 SD 106, ¶ 12, 568 N.W.2d 764, 766. In interpreting SDCL 32–23–4.6, the trial court correctly observed that, "[w]hen the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and this court's only function is to declare the meaning as clearly expressed in the statute." *State v. Schnaidt,* 410 N.W.2d 539, 541 (S.D.1987). However, the trial court erred in stopping there. While it is true that

> [c]ourts should not enlarge a statute beyond its declaration if its terms are clear and unambiguous[,] . . . in cases where a literal approach would functionally annul the law, the cardinal purpose of statutory construction—ascertaining legislative intent—ought not be limited to simply reading a statute's bare language; [courts] must also reflect upon the purpose of the enactment, the matter sought to be corrected and the goal to be attained.

*De Smet Ins. of South Dakota v. Gibson,* 1996 SD 102, ¶ 7, 552 N.W.2d 98, 100 (citations omitted). Or, as this Court has also stated:

> " '[a]mbiguity is a condition of construction, and may exist where the literal meaning of a statute leads to an absurd or unreasonable conclusion.' " Furthermore, "[s]tatutes should be giv-

en a sensible, practical and workable construction, and to such end, the manifest intent of [the] legislature will prevail over [the] literal meaning of words."

*Valandra v. Dept. of Commerce & Reg.*, 425 N.W.2d 400, 402 (S.D.1988) (citations omitted).

[¶ 8.] Here, the trial court's literal interpretation of SDCL 32–23–4.6 leads to an absurd and unreasonable conclusion. Under that interpretation, a DUI defendant with a prior felony third offense under the laws of this state is subject to a Class 5 felony for a later offense while a defendant with a prior felony third offense under the laws of another state is only subject to a Class 6 felony for a later offense. There is no rational explanation for this disparate treatment. Moreover, it flies in the face of SDCL 32–23–4.5 [1] which permits DUI convictions from other states to be used in repeat DUI offender prosecutions. The Legislature's intention with this statute was to treat prior DUI offenses from other states the same as those from this state for purposes of repeat offender prosecutions. The trial court's narrow interpretation of SDCL 32–23–4.6 violates that intention.

[¶ 9.] The legislative history of SDCL 32–23–4.6 also offers no support for the trial court's interpretation. Prior to 1989, SDCL 32–23–4 made a third, fourth or subsequent DUI offense a Class 6 felony regardless of the state in which the prior convictions were obtained.[2] However, in cases where a DUI defendant had a prior felony DUI conviction, some prosecutors would seek a double enhancement of the punishment to a Class 5 felony by charging violations of *both* SDCL 32–23–4 *and* SDCL 22–7–7 [3], the general felony repeat offender provision. *See e.g. Carroll v. Solem*, 424 N.W.2d 155 (S.D.1988). This Court ended the double enhancement practice under SDCL 22–7–7 with its decision in *Carroll* in June, 1988. Thus, during the 1989 legislative session, the Legislature enacted SDCL 32–23–4.6 which permits the direct enhancement of punishment for a fourth or subsequent DUI offense to a Class 5 felony without reliance on SDCL 22–7–7. *See* 1989 SD SessL ch 273, § 2. Obviously, the Legislature's purpose in enacting SDCL 32–23–4.6 was to respond to *Carroll* and to increase the available punishment for fourth or subsequent DUI offenses, *not* to limit the availability of prior out of state DUI felonies for purposes of sentence enhancement.

[¶ 10.] Based upon the foregoing, the trial court erred in its restrictive interpretation of SDCL 32–23–4.6. The Iowa Supreme Court reached a substantially similar conclusion under the Iowa DUI laws in *State v. Peterson*, 347 N.W.2d 398 (1984). In *Peterson*, the State of Iowa sought to revoke the driving privileges of a habitual DUI offender. To establish the defendant's habitual offender status, the State alleged he had five prior DUI convictions including convictions from Missouri and Minnesota. However, the applicable Iowa statute defined habitual offenders as persons with prior DUI convictions under a specific section of Iowa law. Therefore, the trial court dismissed the revocation

1. SDCL 32–23–4.5 provides in pertinent part: "Any conviction for, or plea of guilty to, an offense in another state which, if committed in this state, would be a violation of § 32–23–1 ... shall be used to determine if the violation being charged is a second, third or subsequent offense."

2. Prior to 1989, SDCL 32–23–4 provided in pertinent part: "If conviction for a violation of § 32–23–1 is for a third offense, or subsequent offense thereafter, the person is guilty of a Class 6 felony[.]" 1989 SD SessL ch.

273, § 1. *See also* SDCL 32–23–4.5, n. 1 *supra.*

3. SDCL 22–7–7 provides in pertinent part:

When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe.

petition on the basis that the out of state convictions could not be counted in determining whether the defendant was a habitual offender. The Iowa Supreme Court reversed, holding that the legislature's clear-cut intention to safeguard drivers from those who habitually violate motor vehicle laws in any and all states must prevail over the strained, impractical and absurd result reached by the trial court. *See Peterson*, 347 N.W.2d at 402.

[¶ 11.] The South Dakota Legislature's intention to safeguard drivers from those who habitually violate motor vehicle laws and DUI laws in any and all states is just as clear-cut in SDCL 32–23–4.5 and SDCL 32–23–4.6 as it was in Iowa law. In accord with that intention, the only requirements for conviction of a Class 5 felony DUI offense under SDCL 32–23–4.6 are that a person be convicted of a fourth or subsequent DUI and that he have a prior felony third offense conviction from any state. The record here shows Davis is charged with a fourth DUI and that he has not only one, but two prior felony third offense convictions in Iowa. Therefore, he meets all requirements for prosecution of a Class 5 felony under SDCL 32–23–4.6. It follows that the trial court erred in dismissing the part two information filed pursuant to that provision.

[¶ 12.] Reversed and remanded.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

