#25693-a-SLZ

**2011 S.D. 36**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

THE PEOPLE OF THE STATE OF SOUTH DAKOTA,
IN THE INTEREST OF J.L.,
A MINOR CHILD AND
CONCERNING K.S., RESPONDENT MOTHER

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JOSEPH NEILES
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee, State of South
                                        Dakota.


AMBER EGGERT
Minnehaha County Public
 Defender's Office
Sioux Falls, South Dakota               Attorneys for appellant, J.L.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 25, 2011

OPINION FILED **07/06/11**

#25693

ZINTER, Justice

[¶1.]     J.L. was adjudicated a delinquent child for an act that, had he been an adult, would have constituted a violation of SDCL 22-22-1(1), statutory rape. The act occurred when J.L., who was fourteen, engaged in consensual sexual intercourse with his girlfriend (Girlfriend), who was twelve. J.L. argues that the application of the first-degree rape statute to these facts creates an absurd result the Legislature did not intend. Because we conclude that J.L. engaged in an act plainly proscribed by the language of the statute, we affirm.

[¶2.]     The facts are not in dispute. J.L. was fourteen at the time he engaged in consensual sexual intercourse with his twelve-year-old girlfriend. The age difference between J.L. and Girlfriend was just over fifteen months. Girlfriend became pregnant as a result, and the pregnancy triggered an investigation that led to the filing of a juvenile petition against J.L. The circuit court adjudicated J.L. as a delinquent child under SDCL 26-8C-2 (providing that a delinquent child is "any child ten years of age or older who, regardless of where the violation occurred, has violated any federal, state, or local law or regulation for which there is a penalty of a criminal nature for an adult"). The underlying criminal offense for which there was a penalty of a criminal nature was SDCL 22-22-1(1) (statutory rape), a statute under which Girlfriend was legally incapable of giving consent.

[¶3.]     On appeal, J.L. argues that the application of SDCL 22-22-1(1) to the facts of this case creates an absurd result, one not reasonably intended by the

Legislature.[1]  SDCL 22-22-1 provides in pertinent part:  "Rape is an act of sexual penetration accomplished with any person . . . [i]f the victim is less than thirteen years of age[.]"  J.L. concedes that "[u]sing the plain meaning and effect of the statute, the facts of J.L.'s case do meet the elements of rape in the first degree."  But J.L. contends it is absurd that a fourteen-year-old boy, involved in consensual sexual intercourse with his girlfriend, just fifteen months younger, could be adjudicated a delinquent for violating SDCL 22-22-1(1).

[¶4.]        A statute written in plain terms may nevertheless lead to an absurd result.  Generally:

> The intent of a statute is determined from what the [L]egislature said, rather than what the courts think it should have said, and the court must confine itself to the language used.  Words and phrases in a statute must be given their plain meaning and effect.  When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.

*W. Consol. Coop v. Pew,* 2011 S.D. 9, ¶ 34, 795 N.W.2d 390, 399 (citation omitted).  But "[a]mbiguity is a condition of construction, and may exist where the literal meaning of a statute leads to an absurd or unreasonable conclusion."  *In re Sales Tax Refund Applications of Black Hills Power & Light Co.,* 298 N.W.2d 799, 803 (S.D. 1980).  We review the circuit court's construction of statutes de novo.  *See Schafer v. Shopko Stores, Inc.,* 2007 S.D. 116, ¶ 5, 741 N.W.2d 758, 760.

[¶5.]        Courts considering rape and sexual assault statutes under similar facts have reached mixed results.  J.L. relies on *In re Z.C.,* 165 P.3d 1206 (Utah

---

1.        J.L. presents this argument by challenging the circuit court's denial of his

(continued . . . )

2007). In that case, a twelve-year-old boy and a thirteen-year-old girl engaged in consensual sexual intercourse resulting in a pregnancy. Both juveniles were adjudicated delinquents under a statute prohibiting sexual abuse of a child. The girl, Z.C., appealed. The Utah Supreme Court concluded that application of the statute led to an absurd result because the Legislature could not have intended the girl to be treated as both a victim and a perpetrator of child sexual abuse:

> [W]e find that the plain language of Utah Code section 76-5-404.1 allows Z.C. to be adjudicated delinquent for child sex abuse. However, we also find that applying the statute to treat Z.C. as both a victim and a perpetrator of child sex abuse for the same act leads to an absurd result that was not intended by the legislature.

*Id.* at 1208. The Utah court also found an absurd result because *both* children were adjudicated as delinquents for sex abuse in the same incident. *Id.* The court noted that the child sex abuse statute contemplates a perpetrator and a victim. But:

> By filing delinquency petitions for child sex abuse against both participants for sexually touching one another, the State treats both children as perpetrators of the same act. In this situation, there is no discernable victim that the law seeks to protect, only culpable participants that the State seeks to punish.

*Id.* at 1212. The court found it an unintended absurdity to apply the statute, designed to protect one class of individuals from another, so as to treat both participants as both victim and perpetrator. *Id.*

[¶6.]      J.L.'s reliance on the Utah decision is misplaced because Girlfriend could not have been charged as a perpetrator. A violation of SDCL 22-22-1(1) cannot occur unless there is sexual penetration of a child under the age of thirteen.

_____

( . . . continued)
       motion to dismiss and the court's finding of delinquency.

At the time of this incident, J.L. was over thirteen. Therefore, Girlfriend could not have been prosecuted for first-degree rape of J.L. and neither basis for the Utah court's conclusion is present. Girlfriend could not have been both a perpetrator and a victim in the same incident.

[¶7.] *In re Ryan G.*, 2002 WL 484921 (Ohio Ct. App. 2002) is more analogous. *Ryan G.* involved a thirteen-year-old boy who engaged in sexual intercourse with a twelve-year-old girl. The parties were separated in age by approximately seven months. The boy challenged the trial court's denial of his motion to dismiss on the ground that application of a statutory rape statute created an absurd result. The court disagreed stating:

> [T]he language of R.C. 2907.02(A)(1)(b) is clear, and by entering the stipulations he did, appellant admitted that he committed rape. Nevertheless, appellant contends that this result is unjust because the legislature could not have intended that a juvenile is guilty of rape when he engages in consensual sex with another juvenile of roughly equal age but under the age of thirteen. However, the terms of the statute are clear, and the statute does not carve out an exception for consensual sex between parties of roughly equal age. Further, we cannot say as a matter of law that this result is unjust or absurd.

*Id.* *2.

[¶8.] Although reaching different results, the two cases do not conflict. The Utah court found an unintended absurdity only because application of the child sex abuse statute resulted in both juveniles being victims and perpetrators in the same incident. *Z.C.*, 165 P.3d at 1212. In contrast, the Ohio statutory rape statute was not applied to adjudicate the juveniles as both perpetrators and victims in the same incident. *See Ryan G.*, 2002 WL 484921. Thus, because SDCL 22-22-1(1) was only applied to one juvenile, neither court would find an absurdity in the language of the

statute even though J.L. was only fourteen and the juveniles' age differential was not large.

[¶9.]     J.L. was the only participant who could have been adjudicated a delinquent, and Girlfriend was the only participant who was under the legal age of consent.  Application of SDCL 22-22-1(1) to these facts does not suggest an unintended absurdity.  By determining the age of consent to be thirteen, the Legislature exercised its prerogative to protect children under thirteen from persons over thirteen years of age.  And although J.L. was only fourteen, the Legislature has determined that fourteen-year-olds are capable of committing criminal offenses.  *See* SDCL 22-3-1(2).  Although this Court has declined to apply statutes in ways that are truly absurd,[2] J.L. has not demonstrated an unintended absurdity here.

[¶10.]     We also observe that had the Legislature intended to exclude juveniles like J.L. from delinquency proceedings because of the age differential between the perpetrator and victim, it knew how to do so.  One need only look to SDCL 22-22-

---

2.     *See Dakota Plains AG Center, LLC v. Smithey,* 2009 S.D. 78, ¶ 50, 772 N.W.2d 170, 186 (finding an absurd result when application of one statute would render another statute meaningless); *Schafer v. Shopko Stores, Inc.,* 2007 S.D. 116, ¶ 12, 741 N.W.2d 758, 763 (refusing to interpret a statute in a way that would make a party tortiously liable for engaging in legal conduct); *Argus Leader v. Hagen,* 2007 S.D. 96, ¶ 14, 739 N.W.2d 475, 480 (rejecting an "expansive interpretation" of a statute that "would make every document generated by or in the possession of government a public record with the accompanying requirement that it be maintained.  This would include such things as ephemeral notes and phone messages."); *Moeller v. Weber,* 2004 S.D. 110, ¶ 46, 689 N.W.2d 1, 16 (rejecting statutory interpretation that "contravenes the fundamental principle that the defense cannot be required to present any evidence whatever."); *Patterson v. Linn,* 2001 S.D. 135, ¶ 8, 636 N.W.2d 467, 469 (rejecting interpretation that "makes the statute self-contradictory and contravenes the pattern of municipal governance defined in our statutory scheme.").

1(5) to find such an example. That subsection provides that rape of thirteen- to fifteen-year-olds occurs only if "the perpetrator is at least three years older than the victim." *See also* SDCL 22-22-7[3] (requiring consideration of the age differential in determining the degree of culpability of those charged with sexual contact). Because the Legislature declined to require any type of minimum age differential for the rape of children less than thirteen years of age, we do not conclude that the application of SDCL 22-22-1(1) to J.L. created an absurdity not intended by the Legislature.

[¶11.]    Finally, J.L. highlights the gravity of the adult criminal offense, pointing out that an adult found guilty of first-degree rape is subject to life imprisonment. Although life imprisonment is second in severity only to capital punishment, J.L. does not face life in prison. As an adjudicated delinquent, J.L. will be subject to the rehabilitative sanctions of the juvenile court system. Under that system, the most severe sanction is a committal to the Department of Corrections until his twenty-first birthday. *See* SDCL 26-7A-117. *But see* SDCL 22-24B-2.[4]

---

3.    SDCL 22-22-7 provides:

> Any person, sixteen years of age or older, who knowingly engages in sexual contact with another person, other than that person's spouse if the other person is under the age of sixteen years is guilty of a Class 3 felony. If the victim is at least thirteen years of age and the actor is less than five years older than the victim, the actor is guilty of a Class 1 misdemeanor.

4.    We call to the attention of the Legislature other significant consequences resulting from other statutory provisions implicated in this case. It appears that J.L. will be required to register as a sex offender for life. *See* SDCL 22-24B-2.

(continued . . . )

[¶12.] J.L. was over thirteen, Girlfriend was not. Application of the first-degree rape statute to the present facts does not create an unintended absurdity.

[¶13.] The adjudication is affirmed.

[¶14.] GILBERTSON, Chief Justice, concurs.

[¶15.] KONENKAMP and SEVERSON, Justices, and MEIERHENRY, Retired Justice, concur specially.


MEIERHENRY, Retired Justice (concurring specially).

[¶16.] I concur but write specially. Under the facts of this case, there are serious problems with a juvenile delinquency petition based on the criminal charge of rape in first degree under SDCL 22-22-1(1) (defining rape as sexual penetration with a person "less than thirteen years of age"). The consequences of labeling this fourteen-year-old juvenile a sex offender for life are far afield from the intended

---

( . . . continued)

In 2006, the Legislature amended this statute to require a juvenile who is adjudicated a delinquent for a violation of SDCL 22-22-1 to register as a sex offender upon reaching fifteen years of age. *Id.* SDCL 22-24B-2 previously required registration only if the juvenile was fifteen years old or older at the time of the adjudication. *See* SDCL 22-24B-2 (2005). As a result of the new language and Girlfriend's age, J.L. will be required to be registered as a sex offender for the rest of his life. *See* SDCL 22-24B-19 (only allowing a sex offender to be eligible for removal from the sex offender registry after ten years if he can show that the circumstances surrounding the crime requiring registration did not involve a child under the age of thirteen); SDCL 22-24B-19.1 (only allowing removal after twenty-five years upon the same showing); SDCL 22-24B-19.2 (providing "[a]ny person, who is on the sex offender registry and who is not eligible for removal pursuant to §§ 22-24B-19 and 22-24B-19.1 is a Tier III offender."); SDCL 22-24B-2.1 ("[p]lacement in Tier III requires registrants to register throughout their lifetime.").

purpose of a juvenile petition of "affording guidance, control, and rehabilitation of any . . . delinquent child." SDCL 26-7A-6.

[¶17.] We have consistently recognized that "[t]he purpose of juvenile court proceedings is not to punish but rather to rehabilitate and correct a juvenile's behavior so as to avoid future confrontations with the law." *In re S.K.*, 1999 S.D. 7, ¶ 11, 587 N.W.2d 740, 742 (quoting *State v. Jones*, 521 N.W.2d 662, 667 (S.D. 1994)). The juvenile system is intended to encourage rehabilitation, "unlike the

harsher, more punitive adult system." *In re Z.B.*, 2008 S.D. 108, ¶ 33, 757 N.W.2d 595, 606 (Sabers, J., dissenting).

[¶18.]     The mandatory disposition of this case appears to have the opposite effect.  Rather than promoting J.L.'s rehabilitation, the State has ensured that J.L. will be labeled as a sex offender for the rest of his life.  With that label comes a significant social stigma, reporting requirements, and living restrictions.  *See* SDCL ch. 22-24B.  The rehabilitative effect of these requirements is not obvious.  The punitive effect is.  Branding this child a rapist and life-long sex offender almost assures he cannot succeed as a productive juvenile or adult.

[¶19.]     It is hard to believe that the Legislature intended the rape statutes and juvenile petitions to be used to punish children in this manner.  This Court has recognized that it will presume that "the [L]egislature did not intend an absurd or unreasonable result." *Dakota Plains AG Center, LLC v. Smithey*, 2009 S.D. 78, ¶ 47, 772 N.W.2d 170, 186.  Instead, "[s]tatutes should be given a sensible, practical and workable construction, and to such end, the manifest intent of [the] [L]egislature will prevail over [the] literal meaning of the words." *State v. Davis*, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537-38 (citation omitted).

[¶20.]     Even so, I have to agree with the majority that we cannot conclude as a matter of law that the application of these statutes creates an absurd result.  It does, however, create an extremely harsh result.  Prosecutorial discretion in charging J.L. with this particular crime left the circuit court with few options since the facts technically fit the statutory language.  Once the circuit court determined that the child was guilty of the statutory rape charge in the delinquency petition,

the child was caught in the maelstrom of the sexual registry and all its consequences.

[¶21.] KONENKAMP and SEVERSON, Justices, join this special writing.