MEIERHENRY, Retired Justice
(concurring specially).
[¶ 16.] I concur but write specially. Under the facts of this case, there are serious problems with a juvenile delinquency petition based on the criminal charge of rape in first degree under SDCL 22-22-1(1) (defining rape as sexual penetration with a person “less than thirteen years of age”). The consequences of labeling this fourteen-year-old juvenile a sex offender for life are far afield from the intended purpose of a juvenile petition of “affording guidance, control, and rehabilitation of any ... delinquent child.” SDCL 26-7A-6.
[¶ 17.] We have consistently recognized that “[t]he purpose of juvenile court proceedings is not to punish but rather to rehabilitate and correct a juvenile’s behavior so as to avoid future confrontations with the law.” In re S.K, 1999 S.D. 7, ¶ 11, 587 N.W.2d 740, 742 (quoting State v. Jones, 521 N.W.2d 662, 667 (S.D.1994)). The juvenile system is intended to encourage rehabilitation, “unlike the harsher, more punitive adult system.” In re Z.B., 2008 S.D. 108, ¶ 38, 757 N.W.2d 595, 606 (Sabers, J., dissenting).
[¶ 18.] The mandatory disposition of this case appears to have the opposite effect. Rather than promoting J.L.’s rehabilitation, the State has ensured that J.L. will be labeled as a sex offender for the rest of his life. With that label comes a significant social stigma, reporting requirements, and living restrictions. See SDCL ch. 22-24B. The rehabilitative effect of these requirements is not obvious. The punitive effect is. Branding this child a rapist and life-long sex offender almost assures he cannot succeed as a productive juvenile or adult.
[¶ 19.] It is hard to believe that the Legislature intended the rape statutes and juvenile petitions to be used to punish children in this manner. This Court has recognized that it will presume that “the [Legislature did not intend an absurd or unreasonable result.” Dakota Plains AG Center, LLC v. Smithey, 2009 S.D. 78, ¶ 47, 772 N.W.2d 170, 186. Instead, “[statutes should be given a sensible, practical and workable construction, and to such end, the manifest intent of [the] [Legislature will prevail over [the] literal meaning of the words.” State v. Davis, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537-38 (citation omitted).
[¶ 20.] Even so, I have to agree with the majority that we cannot conclude as a matter of law that the application of these statutes creates an absurd result. It does, however, create an extremely harsh result. Prosecutorial discretion in charging J.L. with this particular crime left the circuit court with few options since the facts technically fit the statutory language. Once the circuit court determined that the child was guilty of the statutory rape charge in the delinquency petition, the child was caught in the maelstrom of the sexual registry and all its consequences.
[¶ 21.] KONENKAMPand SEVERSON, Justices, join this special writing.