#27925, #27926-a-SLZ
2017 S.D. 19

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

JONATHAN DANIEL CLARK,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE BRADLEY G. ZELL
Judge

* * * *

MARTY J. JACKLEY
Attorney General

PATRICIA ARCHER
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


MARK KADI of
Minnehaha County Public
 Advocate's Office
Sioux Falls, South Dakota                 Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
MARCH 22, 2017
OPINION FILED 04/19/17

#27925, #27926

ZINTER, Justice

[¶1.] A previously convicted felon appeals the enhancement of his subsequent felony sentences for failing to comply with sex-offender-registration requirements.[1] The court enhanced the sentences under SDCL 22-7-7, South Dakota's general habitual offender statute. The court rejected the defendant's argument that sentences for the failure to register offenses in SDCL 22-24B-12 may be enhanced only under SDCL 22-24B-12.1, a statute applicable to repeated failures to register.[2] We affirm.

*Facts and Procedural History*

[¶2.] In 2009, Jonathan Clark was convicted of aggravated criminal sexual abuse in Illinois. Upon moving to South Dakota, he registered as a sex offender as required in SDCL chapter 22-24B. On March 3, 2014, law enforcement discovered that Clark was living at a motel and not his registered address. On March 8, 2014, he reported to law enforcement that he was again living at his registered address, but he was actually living in other motels. As a result, he was indicted on two

---

1. To simplify this opinion, we generalize and refer to all registration violations as the "failure to register."

2. Prior to the enactment of SDCL 22-24B-12.1, each registration statute contained an enhancement clause that enhanced the offense level for a second or subsequent offense from a class 1 misdemeanor to a class 6 felony. Under that statutory scheme, a conviction of, e.g., failure to return a verification form, would not enhance a later conviction of failure to notify law enforcement of a new address. In 2006, the Legislature amended the statutes to remove the individual enhancement provisions and change the offense level of each requirement to a class 6 felony. The Legislature also enacted SDCL 22-24B-12.1, which provides for a harsher offense if a defendant has a prior conviction for failing to comply with any registration requirement. *See* 2006 S.D. Sess. Laws ch. 123, §§ 2-3, 5-7, 9-10.

-1-

charges of violating SDCL 22-24B-12, which requires registered sex offenders to inform law enforcement of their new addresses within three business days of moving.[3]

[¶3.]    The failure to comply with a sex-offender-registration requirement in SDCL 22-24B-2, -5 to -8, and -12 is a class 6 felony. But a second or subsequent failure is a class 5 felony. SDCL 22-24B-12.1.[4] Although Clark's registration violations may have subjected him to an enhanced sentence as a repeat-registration violator under SDCL 22-24B-12.1, the State did not seek enhancement under that statute. Instead, the State filed a part II information (on both charges) alleging that Clark was a habitual offender under SDCL 22-7-7,[5] the general enhancement

---

3.    Clark was also indicted on other charges not relevant to the disposition of this appeal.

4.    SDCL 22-24B-12.1 provides:

> Any person who has been convicted of, or entered a plea of guilty to, one or more violations of § 22-24B-2 [failure to register], 22-24B-5 [failure to return verification form], 22-24B-6 [failure to report a change in enrollment or employment], 22-24B-7 [failure to reregister], 22-24B-8 [failure to provide accurate information], or 22-24B-12 [failure to report new address] is guilty of a Class 5 felony for any second or subsequent conviction of § 22-24B-2, 22-24B-5, 22-24B-6, 22-24B-7, 22-24B-8, or 22-24B-12.

5.    SDCL 22-7-7 provides:

> If a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe, but in no circumstance may the enhancement exceed the sentence for a Class C felony. The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether the prior offense was a felony under the laws of this

(continued . . .)

statute that applies to habitual offenders having any prior felony. The State alleged that Clark's current offenses were subject to sentence enhancement under SDCL 22-7-7 because of his 2009 felony conviction in Illinois.

[¶4.]        Clark pleaded guilty to the failure-to-register charges in both indictments. After a number of hearings not relevant to this appeal, the circuit court held a court trial on the part II informations. Although Clark admitted to the prior Illinois felony conviction, he moved to dismiss the part II informations. He argued that South Dakota's general habitual offender statute could not be used to enhance his sentence. The circuit court disagreed and imposed class 5 felony sentences.

*Decision*

[¶5.]        Clark presents one argument on appeal. He argues that because SDCL 22-24B-12.1 is a specific enhancement statute relating to his principal offenses (the failures to register), that statute preempts the use of SDCL 22-7-7, the general habitual offender statute. He then argues that because the State did not request enhancement under SDCL 22-24B-12.1, the circuit court erred in failing to dismiss the part II informations. He contends that *Carroll v. Solem*, 424 N.W.2d 155 (S.D. 1988), supports his view. We disagree.

_____

(. . . continued)

> state or under the laws of the United States at the time of conviction of such prior offense. For the purpose of this section, if the principal felony is not classified it shall be enhanced to the class which has an equal maximum imprisonment. For the purposes of this section, if the maximum imprisonment for the principal felony falls between two classifications, the principal felony shall be enhanced to the class which has the less severe maximum authorized imprisonment.

[¶6.] In *Carroll*, the defendant was charged with driving under the influence of alcohol (DUI). The State sought to enhance his sentence through two part II informations. The first information alleged that Carroll had two prior DUI convictions, which would enhance his sentence from a misdemeanor to a class 6 felony under SDCL 32-23-4, a statute that applied to repeat DUI offenders. The second information alleged that one of the prior DUIs was a felony, which would further enhance his sentence from a class 6 felony to a class 5 felony under SDCL 22-7-7, the general habitual offender statute. This Court held that the third offense DUI sentence could only be enhanced from a misdemeanor to a class 6 felony under SDCL 32-23-4. *Id.* at 157. We reasoned that further enhancing the sentence from a class 6 felony to a class 5 felony under SDCL 22-7-7 would result in impermissible double enhancement. *Id.* Here, however, the State did not seek a "double enhancement" by requesting two enhancements: one under SDCL 22-24B-12.1 and a second under SDCL 22-7-7. Therefore, *Carroll* is not controlling.

[¶7.] The State argues that *State v. Guthmiller*, 2003 S.D. 83, 667 N.W.2d 295, controls this case. The State also argues that there is nothing in the language of SDCL 22-24B-12.1 suggesting that it preempts SDCL 22-7-7 when a defendant has a prior felony conviction not involving the failure to register. We agree.

[¶8.] In *Guthmiller*, the defendant was convicted of the now-repealed offense of criminal pedophilia. *Id.* ¶ 6, 667 N.W.2d at 300. Criminal pedophilia was a class 1 felony punishable by a minimum sentence of twenty-five years in prison for the first offense. *Id.* ¶ 30, 667 N.W.2d at 306. The criminal pedophilia statute also contained an enhancement provision that mandated a life sentence for a second

pedophilia conviction, but the State could not invoke that provision because it was Guthmiller's first offense. *See id.* ¶¶ 30-31. Instead, the State filed a part II information alleging that Guthmiller was a habitual offender under SDCL 22-7-7 because he had prior felony-drug convictions. The part II information sought to increase his sentence by one level to a class B felony, which also mandated a life sentence. *See id.* ¶ 31.

[¶9.]     Like Clark, Guthmiller argued that the crime-specific enhancement provision applicable to subsequent convictions of the principal felony preempted the general habitual offender statute. This Court rejected Guthmiller's preemption argument. We reasoned that the general enhancement statute and the pedophilia statute each had a "distinctive purpose" and that the "sentencing scheme [was] a policy decision within the purview of the legislature and [would] not be disturbed by this Court." *Id.* ¶ 42, 667 N.W.2d at 309. Thus, the circuit court was authorized to enhance Guthmiller's sentence under the general enhancement statute (SDCL 22-7-7) even though there was a crime-specific enhancement provision applicable to subsequent convictions of criminal pedophilia. *See id.*

[¶10.]     The present case is like *Guthmiller.* As in *Guthmiller*, the sex-offender-registration statutes serve a separate and distinct purpose from the habitual offender statute. The registration statutes are meant to "accomplish the regulatory purpose of assisting law enforcement in identifying and tracking sex offenders to prevent future sex offenses." *Meinders v. Weber*, 2000 S.D. 2, ¶ 13, 604 N.W.2d 248, 255. On the other hand, "the purpose of habitual criminal statutes is to punish a defendant for his persistence in crime." *Rowley v. S.D. Bd. of Pardons*

*& Paroles*, 2013 S.D. 6, ¶ 13, 826 N.W.2d 360, 365.  There is also no language in SDCL 22-24B-12.1 suggesting that it was intended to preempt SDCL 22-7-7.  *Cf. Guthmiller*, 2003 S.D. 83, ¶ 42, 667 N.W.2d at 309.  Accordingly, failure-to-register convictions may be enhanced under the general habitual criminal statute if the defendant has a prior felony conviction that qualifies under SDCL 22-7-7.

[¶11.]     Clark pleaded guilty to violating SDCL 22-24B-12 in South Dakota, and he admitted to having a prior felony conviction in Illinois.  Because he had a prior felony conviction, the circuit court was authorized to enhance his sentence one level under SDCL 22-7-7.  The circuit court did not err in refusing to dismiss the part II informations.

[¶12.]     Affirmed.

[¶13.]     GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.